In the Matter of NATRL PLANTS AND LANDS MANAGEMENT CO., LTD., Debtor.

**Bankruptcy No. 86 B 20193.**

United States Bankruptcy Court, S.D. New York.

Dec. 29, 1986.

United States Trustee, New York City (Eric J. Small, of counsel).

Sidney Turner, White Plains, N.Y., for debtor.

Jeffrey L. Sapir, Hartsdale, N.Y., for unsecured creditors' committee.

## DECISION ON MOTION FOR AN ORDER CONVERTING THIS CASE FROM CHAPTER 11 TO CHAPTER 7, OR IN THE ALTERNATIVE, AN ORDER OF DISMISSAL

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The United States trustee has moved pursuant to 11 U.S.C. § 1112(b) for an order converting this Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code or, in the alternative, for an order of dismissal. The official creditors' committee joins in this motion.

The debtor corporation, Natrl Plants and Land Management Co., Ltd., is engaged in the business of clearing, subdividing and developing unimproved land and constructing roads. Its principal place of business is located on premises in Armonk, New York, where it is a month to month tenant. Its principal shareholder is Mr. Carmine Labriola, for whom the debtor at times acts as a subcontractor.

The United States trustee premises his motion on the ground that the debtor is incurring net losses of approximately $60,000 per month and has failed to file monthly operating statements that comply with the local Rules of the Bankruptcy Court and the United States Trustee's Operating Guidelines. Additionally, the debtor concedes that it is unable to continue in business and has filed a self-liquidating plan of reorganization. Almost all of the assets of the debtor are subject to priority claims and liens.

The debtor filed for relief under Chapter 11 of the Bankruptcy Code on April 23, 1986, after having been served with Notices of Lien by the Internal Revenue Service and the New York State Taxation and Finance Department. In its disclosure statement filed with this court the debtor states that it "has come to the conclusion that as a result of the continuing deterioration of the market, that the business should be terminated." In its financial statement for the four month period ending July 31, 1986, there is reflected the fact that the debtor holds claims against other affiliated companies controlled by Carmine Labriola from which there is due the sum of $1,750,211. Obviously these claims against the affiliated companies must be pursued impartially and in good faith. Similarly, the issue of whether or not the debtor made any preferential transfers to, or on behalf of, any of the affiliated companies or its principal, Carmine Labriola, must also be ascertained. In this connection, it is noted that the debtor's counsel also represented Mr. Labriola, individually. In deciding this motion, the court must also be mindful of the need to avoid the continuation of any possible conflicts of interest.

## DISCUSSION

Motions to convert or dismiss Chapter 11 cases implicate 11 U.S.C. § 1112(b) and the statutory grounds delineated under this section, including a continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation. It is undisputed that the debtor is continuing to suffer monthly losses and there is no likelihood that the debtor will be able to rehabilitate itself under the *aegis* of Chapter 11. The debtor would like to proceed to liquidate its business on its own. Certainly where there is no loss during the administration of the Chapter 11 case a Chapter 11 trustee may be authorized to conduct a liquidation without an automatic conversion of the case to Chapter 7 in order to promote the concept of efficiency and economy in administration. *All American Housing of Alabama, v. Family Homes Sales Center, Inc., (In re All American of Ashburn, Inc.),* 40 B.R. 104 (Bankr.N.D.Ga.1984). However, it defies logic for the court to

permit a debtor which is suffering continuous monthly losses to conduct a liquidation in Chapter 11 without the supervision of an independent trustee.

Liquidation is not the proper function of reorganization proceedings, but the function of Chapter 7 proceedings. *In re W.J. Rewoldt Company, a Michigan Corporation,* 22 B.R. 459, 462 (Bankr.E.D. Mich.1982). *Accord, In re Wright Airlines, Inc.,* 51 B.R. 96, 100 (Bankr.N.D. Ohio 1985).

There is also a question as to whether the debtor would be as impartially motivated to collect the amounts due from its affiliates and to determine whether or not preferential or otherwise avoidable transfers had been made to these affiliates or to its principal shareholder. Additionally, the debtor's track record has been something less than acceptable with respect to the timely submission of monthly operating reports as required by the United States Trustee's Guidelines. In these circumstances, the interests of the creditors may be jeopardized by allowing the debtor to proceed with a liquidation without the benefit of an independent trustee's supervision. The debtor's principal shareholder is in no position to exercise undivided loyalty to the rights of all interested parties.

The record of this proceeding raises serious questions as to the ability and motivation of the debtor in possession to proceeding promptly with an efficient and responsible liquidation. In a chapter 7 case, a disinterested trustee's sole commitment will be "to the promotion of parity among interested parties, rather than to self interest." *In re Maplewood Poultry Co.,* 2 B.R. 545, 549 (Bkrtcy.D. Maine 1980). *See also In re L.S. Good & Co., supra,* 8 B.R. at 318, 17 B.C.D. at 105.

*In re E. Paul Kovacs and Company, Inc.,* 16 B.R. 203, 205 (Bankr.D.Conn.1981). *Accord, In re Cohoes Industrial Terminal, Inc.,* 65 B.R. 918, 923 (Bankr.S.D.N.Y. 1986).

█ An independent trustee will ensure that the creditors of this estate are not prejudiced by the debtor's failure to comply fully with the detailed financial reporting requirements imposed under the Bankruptcy Code and pursuant to the United States Trustee's Operating Guidelines. The interests of all creditors will be best served by the liquidation of the debtor under the supervision of a disinterested trustee. *In re Cohoes Industrial Terminal, Inc.,* 65 B.R. at 923 *In re Nigg,* 63 B.R. 630, 632 (Bankr. D.S.D.1986).

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(2)(A).

2. The debtor is suffering a continuing loss to or diminution of this estate and there is an absence of a reasonable likelihood of rehabilitation within the meaning of 11 U.S.C. § 1112(b)(1).

3. The United States trustee has established that this Chapter 11 debtor, which is suffering continuous monthly losses and is unable to effect a rehabilitation, should not be permitted to conduct a liquidation of its business in Chapter 11.

4. The United States trustee's motion to convert this Chapter 11 case to Chapter 7 under the Bankruptcy Code, in order to appoint an independent trustee to liquidate and administer this estate, is granted.

SETTLE ORDER on notice.