**In re TEL–NET HAWAII, INC., Debtor.**

**Bankruptcy No. 88–00578.**

United States Bankruptcy Court,
D. Hawaii.

Aug. 23, 1989.

Susan Tius, Honolulu, Hawaii, for movant.

James Duca, Honolulu, Hawaii, for Tel–Net Hawaii, Inc.

## MEMORANDUM DECISION AND ORDER GRANTING MOTION TO APPOINT TRUSTEE

JON J. CHINEN, Bankruptcy Judge.

On June 30, 1989, Tel-net Joint Venture, by its authorized partner, Tel–Tec Hawaii, Inc. ("Movant") filed a Motion for Appointment of Trustee ("Motion"), which was heard on August 11, 1989. Present at the hearing were Susan Tius, Esq. representing Movant; Walter Davison, Esq. representing Grosvenor Center Associates and Tower Two Associates; Curtis Ching representing Office of U.S. Trustee; James Duca, Esq. representing Tel-net Hawaii, Inc. ("Debtor"); Don Gelber, Esq. representing Hill Top Developers, Inc. ("Hill Top"); Michael Yoshida, Esq. representing GECC Financial Corp.; and Gerald Fujita, Esq. representing Avantek, Inc. Following the hearing, the Court took the matter under advisement.

Based upon the evidence adduced, memoranda submitted, the records in the file, arguments of counsel, and being fully advised in the premises, the Court renders this memorandum decision.

Although in its original memorandum, Movant listed nine reasons for the appoint-

ment of a trustee in this case, at the hearing, Movant relied on the following reasons for the appointment of a trustee:

1. Conflict on the part of Hill Top which is managing Debtor's affairs.

2. Failure of Debtor to file promptly the monthly financial reports.

3. Mismanagement by Hill Top resulting in continuing losses.

It is undisputed that, beyond 90 days but within one year of the date of filing its petition in bankruptcy court, Debtor made payments of certain liabilities which Hill Top had guaranteed. At the meeting of creditors, held on October 13, 1988, Mr. Duca, the attorney for Debtor, acknowledged that there were at least two preferential transfers made, totalling about $170,000.00. One payment was made to Tel–Tec and the other was to GECC. In both instances, the loans were guaranteed by Hill Top. However, Mr. Duca stated that, because Debtor was looking to Hill Top to assist in formulating a plan of reorganization, Debtor was not presently bringing any action against Hill Top.

The evidence shows that Hill Top, the controlling shareholder of Debtor, controls Debtor. Thus, Hill Top, which in effect is the debtor-in-possession, is under a fiduciary duty to serve all the creditors of Debtor. *In re Wooden,* 839 F.2d 610 (9th Cir.1988). However, Hill Top also owes a duty to serve its own creditors and shareholders ahead of others. As such, there is a conflict. And, an entity cannot adequately serve two masters.

In the instant case, Hill Top may be liable for prepetition payments by Debtor of certain liabilities which it (Hill Top) had guaranteed that constitutes preferential transfers. *In re Duccilli Formal Wear, Inc.,* 8 B.C.D. 1180 (Bankr.S.D.Ohio 1982); *In re Church Buildings and Interiors, Inc.,* 14 B.R. 128 (Bankr.W.D.Okla.1981). Hill Top has not made any effort to recover these preferential transfers from itself.

In a case similar to the instant case, where a debtor corporation was controlled by its principal shareholder and where possible preferential transfers had been made involving debtor's principal or debtor's affiliates, the Court in *In the Matter of Natrl Plants and Land Management Co., Ltd.,* 68 B.R. 394, 396 (Bankr.S.D.N.Y.1986), emphasized the need of an independent trustee:

There is also a question as to whether the debtor would be as impartially motivated to collect the amounts due from its affiliates and to determine whether or not preferential or otherwise avoidable transfers had been made to these affiliates or to its principal shareholder.... The debtor's principal shareholder is in no position to exercise undivided loyalty to the rights of all interested parties.

Hill Top's conflicting interests preclude the proper and effective operations of Debtor and dictate the appointment of an impartial trustee. In *In re Cohoes Industrial Terminal, Inc.,* 65 B.R. 918, 922 (Bankr.S.D.N.Y.1986), *aff'd,* 70 B.R. 214 (S.D.N.Y.1986), where the debtor's president and his wife had varying interests relating to debtor's assets, the court stated: "In all of these conflicting capacities, Mr. Baker is in no position to exercise undivided loyalty to the rights of all interested parties." In addition to the two preferential payments acknowledged by Debtor, there many be others involving Hill Top or its principals. Because of Hill Top's conflicting position, it is not likely that Hill Top will vigorously investigate or prosecute such matters.

Because Hill Top controls Debtor and because of Hill Top's conflict of interest, the Court finds it in the best interest of all creditors of Debtor that a trustee be appointed in this case. Since the Court has ruled that a trustee is needed based on a clear case of conflict, the Court finds it unnecessary to discuss the other reasons set forth by Movant for the appointment of a trustee.

The U.S. Trustee is directed to appoint a trustee in this case.

SO ORDERED.