### In re the CLOISTERS OF BREVARD, INC., Debtor.

### Bankruptcy No. 89–02513–BKC–6C7.

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Aug. 15, 1990.

Robert H. Roth, Orlando, for debtor.

Jeffry R. Jontz, Orlando, for Cloisters Development Group, Ltd.

### MEMORANDUM OPINION

C. TIMOTHY CORCORAN, III,
Bankruptcy Judge.

This Chapter 11 case came on for hearing of the United States Trustee's motion to dismiss or convert the case. The motion, brought pursuant to 11 U.S.C. § 1112(b), alleges that the debtor failed to file monthly operating reports for the months of February through May of 1990; that the reports filed reflect that the debtor has no income, no expenses, and no employees; that the January, 1990, report reflects that the debtor received a $50,000 payment which was, in turn, paid over to the debtor's principal, Warren McFadden; that the debtor had failed to respond to requests by the United States Trustee for an explanation regarding the payment to debtor's principal; and that the debtor failed to comply with the court's order to file an amended disclosure statement on or before June 25, 1990.

The court conducted a hearing on July 25, 1990, to consider the United States Trustee's motion, at which time the debtor admitted the allegations set forth in the motion. The debtor requested a continuance, however, and advised the court that, prior to a continued hearing, the debtor would provide an accounting of all funds received and disbursed by the debtor or expended on its behalf. The court granted the debtor's request for a continuance, and the hearing was rescheduled for August 2, 1990. Prior to the continued hearing, debtor filed an accounting, together with an

amended disclosure statement and plan of reorganization.

The record before this court is comprised of the admissions made at both the July 25, 1990, and August 2, 1990, hearings; the testimony of Timothy P. McFadden, the debtor's current president; and the file in the main bankruptcy case. An examination of the record reveals total and complete disregard for the Bankruptcy Code, the Bankruptcy Rules, and the bankruptcy court, as well as disregard for the fiduciary duties imposed on a debtor-in-possession in Chapter 11.

In addition to the admitted facts described above, the record shows that the sum of $111,667.23 of estate funds was disbursed by the debtor to the debtor's principal without court approval. Also, the debtor assigned a note and mortgage to a Texas corporation in which Warren McFadden holds an interest, again, without court approval. Further, almost one-half of the payments to McFadden and the assignment of the note and mortgage occurred while the debtor was failing to file monthly financial reports, thereby effectively concealing those transfers from the court, interested parties, and the United States Trustee who has the statutory authority and obligation to monitor cases for the benefit of creditors and interested parties. During this time, McFadden continued to reside rent free in a home owned by the debtor and financed and maintained with estate funds.

The debtor attempted to cure the delinquencies by filing reports and an amended disclosure statement and plan of reorganization. These curative acts were performed, however, only after the matters were discovered and action was taken by the United States Trustee and a creditor, Cloisters Development Group, Ltd., to bring the delinquencies and defalcations to the attention of the court. It is noteworthy that it took the debtor over one month to cure the delinquencies after the United States Trustee filed his motion; and, while the reassignment back to the debtor of the note and mortgage may have occurred before Cloisters Development Group, Ltd., filed its motion complaining about the mat-

ter, it is clear that the debtor knew Cloisters Development had discovered the assignment and had commenced drafting its pleadings before the reassignment was made.

■ This case does not present a simple failure by the debtor to "dot the i's and cross the t's," as the debtor argues, nor does curing the defects cleanse the debtor of its initial wrongdoings. The debtor simply failed to exercise its fiduciary duty as a debtor-in-possession. *In re Devers*, 759 F.2d 751, 754 (9th Cir.1985). If this is not a case that establishes cause for conversion or dismissal for utter failure to comply with the Bankruptcy Rules and Code, then it is hard to imagine such a case. The debtor has demonstrated throughout this case that it cannot be trusted to act as debtor-in-possession. It is in the best interest of creditors and the estate, therefore, to convert the case to Chapter 7 where a trustee can liquidate the estate and insure that creditors will be paid. *In re Telemark Management Co.*, 41 B.R. 501, 507 (Bankr. W.D.Wis.1984) (debtors breach of fiduciary duty to creditors was cause to convert case).

This case presents another disturbing dimension. The debtor states that its intention all along has been to sell its primary asset and then voluntarily dismiss the case. This intention has been offered as an excuse for failure to comply with Chapter 11 requirements. The debtor argues simply that its failures are of no moment because it will sell the asset, contract with the buyer to pay the creditors, and then dismiss the case. In other words, "no harm, no foul."

The problem here, of course is that the debtor's undisclosed self-help "plan of reorganization" represents a complete misuse of Chapter 11. There is no doubt that creditors' rights are subverted when estate assets are liquidated and some creditors paid without the benefit of a disclosure statement and plan of reorganization. The prejudice to creditors is then compounded when the case is later voluntarily dismissed as proposed here. Such a procedure constitutes an "end run" around all of the re-

quirements of the confirmation process— and the protections afforded to creditors by that process. *Pension Benefit Guaranty Corp. v. Braniff Airways, Inc. (In re Braniff Airways Inc.)*, 700 F.2d 935, 940 (5th Cir.1983), *reh. denied*, 705 F.2d 450 (5th Cir.1983) (debtor not permitted to shortcircuit requirements for confirmation of plan by establishing plan terms *sub rosa* in connection with asset sale).

■ The debtor's belief that the creditors would be paid by the purchaser, thus "justifying" the payment of estate funds to the debtor's principal, clearly misses the point of Chapter 11. It is the debtor's duty to protect and conserve assets for the benefit of creditors. *Devers, supra*, at 754; *In re Sal Caruso Cheese, Inc.*, 107 B.R. 808, 821 (Bankr.N.D.N.Y.1989).

For the reasons set forth above, the court finds that cause exists to grant the United States Trustee's motion to convert the case to one under Chapter 7 of the Bankruptcy Code.

The foregoing constitutes final findings of fact and conclusions of law as required by Bankruptcy Rule 7052. A separate order of conversion has been entered in this case, upon preliminary findings of fact and conclusions of law which were dictated into the record on August 2, 1990, and which are now superseded by this memorandum opinion.

DONE and ORDERED.