Frederick H. QUARLES, Appellant,

v.

UNITED STATES TRUSTEE, Appellee.

Civil A. No. 95–00075–C.

United States District Court,
W.D. Virginia,
Charlottesville Division.

April 10, 1996.

Robert Metcalfe Musselman, Robert M. Musselman & Associates, Charlottesville, VA, for Frederick H. Quarles.

United States Trustee, Roanoke, VA, pro se.

### MEMORANDUM OPINION

MICHAEL, District Judge.

This matter comes before the court upon an appeal of an Order of the United States Bankruptcy Court for the Western District of Virginia, Lynchburg Division, Judge William E. Anderson, granting the United States Trustee's motion to convert the appellant's Chapter 11 petition into a Chapter 7 petition, pursuant to 11 U.S.C. § 1112, where the appellant had failed to comply with several orders of the bankruptcy court that the appellant effectuate a plan of reorganization. The question before this court is whether the bankruptcy court abused its discretion in so ordering.

*I.*

On October 6, 1994, the appellant and debtor, Frederick H. Quarles, filed his petition in bankruptcy, pursuant to Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 1101, *et seq.* On March 2, 1995, the appellant filed a Motion to Extend the time for filing his Disclosure Statement until April 5, 1995. The Trustee did not object, and the bankruptcy court granted the motion. On April 5, 1995, the appellant filed another Motion to Extend such time until April 25, 1995, and, again, the Trustee did not object, and the bankruptcy court granted the motion. The appellant failed to file his Disclosure Statement by April 25, 1995.

On May 11, 1995, the Trustee filed a "Motion for a Show Cause Order" requiring the appellant to show cause why his case should not be converted into a case pursuant to Chapter 7 of the Bankruptcy Code. The Trustee claimed as grounds the appellant's failure to file his Disclosure Statement and a Plan of Reorganization. A hearing on the motion was held on May 22, 1995, and then continued until June 19, 1995.

At the June 19, 1995 hearing, the appellant advised the bankruptcy court that he had failed to file a Plan of Reorganization because of litigation pending both in federal court and in South Carolina state courts. Nonetheless, the bankruptcy court ordered the appellant to file a Plan of Reorganization by July 17, 1995. On June 20, 1995, the bankruptcy court entered an Order compelling the appellant to Show Cause on July 17, 1995, why the case should not be converted to a petition pursuant to Chapter 7 for the appellant's failure to file a Plan and a Disclosure Statement.[1] The bankruptcy court subsequently continued the Show Cause hearing to August 21, 1995, and then again to September 18, 1995. On September 18, 1995, the bankruptcy court ruled that unless the appellant voluntarily dismissed the case within ten days, the bankruptcy court would convert the case to a Chapter 7 case.

On September 28, 1995, the appellant moved the bankruptcy court to reconsider the September 18, 1995 Order requiring the

---

1. The court ordered the debtor to file "other documents" no longer at issue in this action.

The debtor succeeded in filing these other documents by July 17, 1995.

appellant to elect either dismissal or conversion. The Trustee objected to the motion for reconsideration. On October 23, 1995, a hearing was held on the appellant's motion and the Trustee's motion to convert. On October 26, 1995, the bankruptcy court entered its Order converting the case to one pursuant to Chapter 7. The appellant appeals the October 26, 1995 Order.

## II.

 The district court reviews findings of fact by the bankruptcy court pursuant to a clearly erroneous standard and reviews the conclusions of law *de novo, In re Tudor Assocs., Inc. II,* 20 F.3d 115, 119 (4th Cir. 1994); *In re Morris Communications NC, Inc.,* 914 F.2d 458, 467 (4th Cir.1990); *Lowe's of Virginia, Inc. v. Thomas,* 60 B.R. 418, 419 (W.D.Va.1986). A bankruptcy court's decision to convert or to dismiss a Chapter 11 bankruptcy case is reviewed only for abuse of discretion. *In re Abijoe Realty Corp.,* 943 F.2d 121, 128 (1st Cir.1991); *Humble Place Joint Venture v. Fory,* 936 F.2d 814, 816 (5th Cir.1991); *Hall v. Vance,* 887 F.2d 1041, 1044 (10th Cir.1989).

 Title 11, United States Code, Section 1112(b) provides the rules and procedure governing the dismissal and conversion of Chapter 11 cases:

(b) Except as provided in subsection (c) of this section,[2] on request of a party in interest or the United States trustee or bankruptcy administrator, and after notice and a hearing, *the court may convert a case under this chapter to a case under chapter 7 of this title or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate,* for cause, including—

(1) continuing loss to or diminution of the estate and absence of a reasonable likelihood or rehabilitation;

(2) inability to effectuate a plan;

(3) unreasonable delay by the debtor that is prejudicial to creditors;

(4) failure to propose a plan under section 1121 of this title within any time fixed by the court. . . .

11 U.S.C. § 1112(b) (1996) (emphasis added). The factors in § 1112(b) are non-exclusive, and a bankruptcy court may consider additional grounds in determining "cause." *See, e.g., First Jersey Nat'l Bank v. Brown,* 951 F.2d 564, 572 (3rd Cir.1991); *In re Great American Pyramid Joint Venture,* 144 B.R. 780, 790 (Bankr.W.D.Tenn.1992); *In re Berryhill,* 127 B.R. 427, 430 (Bankr.N.D.Ind. 1991). Whether "cause" exists "for a conversion or dismissal of a chapter 11 case under section 1112(b) is subject to judicial discretion under the particular circumstances of each case." *In re Great American Pyramid Joint Venture,* 144 B.R. at 790; *In re Berryhill,* 127 B.R. at 430. Upon a determination of "cause," the bankruptcy court "is statutorily authorized to convert a chapter 11 case to a chapter 7 liquidation case or to dismiss the case, whichever is in the best interest of creditors and the estate." *Id.*

The appellant urges this court to conclude that the bankruptcy court erred in converting the case to a Chapter 7 case because the bankruptcy court failed to consider the detrimental effect of liquidation upon the claims of unsecured creditors. The appellant claims also that outcome of pending litigation favorable to him could likely provide assets which would more than satisfy all creditors, secured and unsecured.

The Trustee rejoins that the bankruptcy court did not clearly abuse its discretion in ordering conversion because the appellant had repeatedly failed to comply with the bankruptcy court's orders to file a Disclosure Statement and a Plan of Reorganization. Additionally, the Trustee argues that the bankruptcy court was justified in concluding that the appellant did not have a likelihood of success in pending litigation. To be sure, the appellant has received an unfavorable ruling from this court on a related matter which is pending before the United States Court of Appeals for the Fourth Circuit.

 This court agrees with the Trustee and, accordingly, will affirm the decision of the bankruptcy court. The court cannot conclude that the bankruptcy judge committed

---

**2.** Subsection (c) is inapplicable to this matter.

clear error in converting the appellant's Chapter 11 case into a Chapter 7 case. First, the appellant repeatedly failed to file a Plan of Reorganization, which failure, standing alone, could justify a finding of "cause." In *In re Funk*, 146 B.R. 118, 124 (D.N.J. 1992), the court held that "[d]ebtor's have failed to demonstrate, even at the minimal level of making a prima facie case, that 'they have the ability to propose a plan within a reasonable period of time' or that there is 'some reasonable prospect of reorganization in Chapter 11.'" *See also In re Great American Pyramid Joint Venture*, 144 B.R. at 791 (explaining that "[t]he 'unreasonable delay' standard in section 1112(b)(3) must be read in conjunction with section 1112(b)(2) which merits dismissal or conversion based upon inability to effectuate a plan and section 1112(b)(4) which permits conversion or dismissal based upon the failure to propose a plan."). Whether the period during which a debtor fails to file constitutes a "reasonable period of time" will depend upon the unique circumstances of each case. In *In re Rentclub, Inc.*, 141 B.R. 235 (Bankr.M.D.Fla. 1992), the court held that a dismissal for the debtor's inability to effectuate a plan was not justified in a Chapter 11 cases which was in its "embryonic" stage. However, in *In re Rentclub*, unlike the instant case, the debtor corporation had experienced positive monthly cash flow during several of the months while in bankruptcy, and the court concluded that the debtor should be given a reasonable chance to reorganize pursuant to Chapter 11. In the instant case, the appellant has not demonstrated a likelihood of reorganization. The evidence suggests that the appellant has continued to experience negative monthly cash flow, and the appellant's premise that outcomes in pending litigation favorable to him will cure his financial ills is pure speculation. Therefore, under the unique circumstances of this case, the court cannot conclude that the bankruptcy court erred in finding that the appellant was likely unable to effectuate a viable plan of reorganization within a reasonable period of time, given the appellant's complete failure to propose such a plan despite repeated requests by and orders of the bankruptcy court that he do so.

■ Secondly, the appellant has repeatedly failed to file a Disclosure Statement. In *In re Roma Group, Inc.*, 165 B.R. 779, 780 (S.D.N.Y.1994), the court held that the debtor's "failure to file monthly operating statements as required by the Local Rules of the Bankruptcy Court and the United States Trustee's Operating Guidelines, whether based on inability to do so or otherwise, undermines the Chapter 11 process and constitutes cause for dismissal or conversion of Chapter 11 proceedings." *See also In re Berryhill*, 127 B.R. at 433; *In re Cohoes Indus. Terminal Inc.*, 65 B.R. 918, 921–22 (Bankr.S.D.N.Y.1986); *In re NuGelt, Inc.*, 142 B.R. 661, 666–67 (D.Del.1992); *In re Cloisters of Brevard, Inc.*, 117 B.R. 722, 723 (Bankr.M.D.Fla.1990). The Disclosure Statement is an integral component to any petition for the protections afforded pursuant to the Bankruptcy Code. *See In re Berryhill*, 127 B.R. at 433 ("Timely and accurate financial disclosure is the life blood of the Chapter 11 process."). The appellant's failure to file a Disclosure Statement as requested by the bankruptcy court clearly undermines the Chapter 11 process, and this court cannot say that the bankruptcy court erred in citing such failure as a ground for finding "cause" pursuant to § 1112(b).

■ Finally, the court cannot conclude that the bankruptcy court erred in deciding to convert the appellant's Chapter 11 case into a Chapter 7 case. It is true that the provisions of Chapter 11 evince a congressional determination that "it is better to reorganize ... when possible, particularly when [reorganization] is in the best interest of creditors." *In re Macon Prestressed Concrete Co.*, 61 B.R. 432, 436 (Bankr.M.D.Ga. 1986); *see also First National Bank of McDonough v. Shockley Forest Indus., Inc.*, 5 B.R. 160, 162 (Bankr.N.D.Ga.1980) ("A court should not precipitously sound the death knell for a debtor by prematurely determining that the debtor's prospects for economic revival are poor.") On the other hand, it is equally true that the statute mandates that the bankruptcy court consider the interests of creditors in balancing the equities. As summarized by the court in *In re Macon Prestressed Concrete:*

If it is apparent that the debtor has no profitable core around which to structure a plan of reorganization, if the debtor is faced with continuing losses, and if the debtor's assets are declining in value, the best interests of the creditors may require the court to order liquidation of the debtor's estate under Chapter 7.

*In re Macon Prestressed Concrete Co.,* 61 B.R. at 436; *see also In re Great American Pyramid Joint Venture,* 144 B.R. at 793. In the instant action, the bankruptcy court could have properly determined that the appellant lacked a "profitable core around which to restructure a plan of reorganization." The bankruptcy court could have properly determined that the appellant was incurring continuing monthly losses. *See In re Natrl Plants & Lands Management Co.,* 68 B.R. 394 (Bankr.S.D.N.Y.1986) ("[I]t defies logic for the court to permit a debtor which is suffering continuous monthly losses to conduct a liquidation in Chapter 11 without the supervision of an independent trustee."). Consequently, this court cannot conclude that the bankruptcy court abused its discretion in ordering the appellant's Chapter 11 case converted into a Chapter 7 case, pursuant to § 1112(b).

### III.

For the reasons stated above, the decision of the bankruptcy court converting the appellant's Chapter 11 case into a Chapter 7 case will be affirmed. An appropriate Order shall this day issue.