In re WESTERN STEEL & METALS, INC., Debtor.

Bankruptcy No. 96–0773–A11.

United States Bankruptcy Court, S.D. California.

Sept. 23, 1996.

Michael T. O'Halloran, Cheryl L. Stengel, Law Office of Michael T. O'Halloran, San Diego, CA, for Debtor in Possession.

Tiffany Carroll, United States Trustee, San Diego, CA.

F. Shaun Burns, Law Offices of F. Shaun Burns, San Diego, CA, Creditor In Pro. Per.

## MEMORANDUM DECISION

LOUISE DeCARL ADLER, Chief Judge.

Creditor Shaun Burns ("Burns") has moved this court for an order dismissing the small business chapter 11 case of Western Steel & Metals, Inc. (the "Debtor") for failure to file a plan of reorganization within the 160–day period prescribed by 11 U.S.C. section 1121(e).[1] Alternatively, Burns seeks dismissal for "cause" under sections 1112(b)(1), (2) and (3). The Debtor opposes the motion, contending that unanticipated problems prevented the Debtor from filing a plan, and that no other "cause" exists to dismiss the case. This court has jurisdiction to hear this matter pursuant to 28 U.S.C. section 1334, 28 U.S.C. section 157(b)(1) and General Order No. 312–D of the United States District Court, Southern District of California. This matter is a core proceeding pursuant to 28 U.S.C. section 157(b)(2)(A).

## I.

### FACTUAL BACKGROUND

The Debtor filed a petition under chapter 11 of the Bankruptcy Code on January 18, 1996, and promptly elected to proceed as a small business chapter 11 debtor under section 1121(e).[2] The 160–day period for filing a plan expired without the Debtor or any other creditor filing a plan. On July 12, 1996 Burns filed this motion to dismiss under section 1112(b)(4) for failure to file a plan within the 160 day period, and for "cause" under sections 1112(b)(1), (2) and (3). Thereafter, the Debtor withdrew its small business election and filed opposition to this motion.[3]

The Debtor contends that unanticipated problems prevented the Debtor from filing a plan. Further, the Debtor contends that it has complied with all other procedural requirements, that no creditor is prejudiced by the delay, and that the Debtor will file a plan by the end of August, 1996.

At the hearing, the court agreed that no "cause" exists to dismiss the case under sections 1112(b)(1), (2) or (3). The court took under submission the effect of the failure to file a plan within the 160–day period prescribed in section 1121(e)(2).

## II.

### ISSUE

Whether "cause" for dismissal exists when a debtor who has elected small business treatment fails to file a plan within the 160 days required by section 1121(e)(2).

## III.

### DISCUSSION

This is the first time that the court is called upon to interpret section 1121(e). This statute is one of the small business reorganization statutes that were added to the Bankruptcy Code by the Bankruptcy Reform Act of 1994.[4] The small business statutes include: (i) section 101(51C) which defines the term "small business"; (ii) section 1102(a)(3) which dispenses with the official creditors committee upon a showing of

---

**1.** Hereinafter, all code and section references refer to 11 U.S.C. sections 101–1330 unless otherwise specified.

**2.** *See* Election to Proceed as Small Business Bankruptcy filed February 8, 1996.

**3.** *See* Withdrawal by Debtor in Possession of Prior Election to Proceed as a Small Business

under 11 U.S.C. section 1121(e) filed July 26, 1996. The Debtor's opposition does not mention that the Debtor withdrew its election.

**4.** Bankruptcy Reform Act of 1994, Pub.L. No. 103–394, 108 Stat. 4106 (codified as amended in various sections of 11 U.S.C.).

"cause"; (iii) section 1121(e) which shortens the exclusivity period and provides a 160–day deadline for filing all plans; and (iv) section 1125(f) which provides more liberal provisions for disclosure and solicitation, and an expedited timetable for confirming a plan. H.R.Rep. No. 103–834, § 217, 103rd Cong., 2nd Sess. 30 (1994); 140 Cong.Rec. H10768 (1994), *reprinted in* 1994 U.S.C.C.A.N. 3340, 3358; *See also In re Haskell–Dawes, Inc.,* 188 B.R. 515, 519 (Bankr.E.D.Pa.1995).

Specifically, section 1121(e) provides:

In a case in which the debtor is a small business and elects to be considered a small business—

(1) only the debtor may file a plan until after 100 days after the date of the order for relief under this chapter;

(2) all plans shall be filed within 160 days after the date of the order for relief....

Further, this section provides for extension and reduction of the time periods as follows:

(3) on the request of a party in interest made within the respective periods specified in paragraphs (1) and (2) and after notice and a hearing, the court may—

(A) reduce the 100–day period or the 160–day period specified in paragraph (1) or (2) for cause; and

(B) increase the 100–day period specified in paragraph (1) if the debtor shows that the need for an increase is caused by circumstances for which the debtor should not be held accountable.

■ In this case, Burns urges that the case must be dismissed because the Debtor missed the mandatory 160–day deadline for filing a plan, and the deadline cannot be extended. Burns relies on the plain and unambiguous statutory language and a leading bankruptcy treatise. Specifically, *Collier* states that the 160–day period cannot be extended, and if no plan is filed within this prescribed period, dismissal or conversion is appropriate. 5 Lawrence King, *Collier on Bankruptcy,* ¶ 1121.05 at 1121–25 (15th ed. 1996).

The court agrees with this interpretation of the plain statutory language for the reasons explained in *Collier.* The court observes that section 1121(e)(3)(A) specifically authorizes a reduction of exclusivity and the time for filing a plan, and that section 1121(a)(3)(B) authorizes an extension of exclusivity but *omits* an extension of the time for filing a plan.

■ A basic rule of statutory construction is that the statute must be interpreted to mean what it says. *DeMassa v. MacIntyre (In re MacIntyre),* 74 F.3d 186, 188 (9th Cir.1996). Further, where particular language is included in one section of a statute but omitted in another section of the same statute, courts should assume that Congress acted intentionally and purposefully in including and excluding the language. *Field v. Mans,* —— U.S. ——, ——, 116 S.Ct. 437, 442, 133 L.Ed.2d 351 (1995). The rules of statutory construction lead the court to conclude that Congress meant to omit the provision to extend the 160–day period for filing a plan, and as such, no extension of this maximum time period is contemplated.

Further, the court observes that the Debtor has not properly sought an extension of the 160–day deadline, or explored the possibility of relief under Federal Rule of Bankruptcy Procedure 9006(b). Instead, the Debtor indirectly seeks this relief by claiming unanticipated events and promising to file a plan by the end of August. These indirect assertions are too vague to support relief. Similarly, the court declines to consider whether the Debtor's withdrawal of the small business election (after the expiration of 160 days) operates to excuse the deadline, as this issue was not raised.

■ The creditor brought this motion under one of the specific instances of "cause" under section 1112(b). However, the list in section 1112(b) is a nonexclusive list of examples that warrant dismissal of a petition for "cause." *In re St. Paul Self Storage Limited Partnership,* 185 B.R. 580, 582 (9th Cir. BAP 1995); *Quarles v. U.S. Trustee,* 194 B.R. 94, 96 (W.D.Va.1996). The bankruptcy court "can consider other factors as they arise, and use its equitable powers to reach an appropriate result." *In re Abijoe Realty Corp.,* 943 F.2d 121, 128 (1st Cir.1991) (citations omitted). Therefore, the court can consider other reasons for cause other than those

specifically enumerated by the moving party. *Matter of NuGelt, Inc.*, 142 B.R. 661 (Bankr. D.Del.1992).[5]

■ Although the creditor requested that the court rule on section 1121(e)(2) in conjunction with section 1112(b)(4),[6] the court finds that section 1112(b)(4) is inapplicable as the deadline was set by statute and not by court order. In this case the debtor did not fail to file a plan within a court ordered deadline but failed to file a plan within a statutorily set time period under section 1121(e)(2). The court finds the failure to file a plan within the statutory deadline imposed by section 1121(e)(2), constitutes "cause" under section 1112(b).

### IV.

### CONCLUSION

The court grants Burns's motion to dismiss the case for failure to file a plan within the 160-day period prescribed by section 1121(e)(2). The statute does not provide for an extension beyond 160 days, nor has the Debtor properly sought an extension.

This Memorandum Decision is in lieu of findings of fact and conclusions of law. Mr. Burns is directed to prepare an order in accordance with this Memorandum Decision within ten (10) days of the date of entry.

---

5. The movants in *NuGelt* asserted numerous statutory grounds for a finding of "cause" under section 1112(b). *Id.* at 666. Along with these asserted grounds the court found an additional basis that "cause" existed, based on the facts. *Id.*

6. Section 1112(b)(4) provides that a court may dismiss a case for "failure to propose a plan under Section 1121 of this title within any time fixed by the court...."