**In re Paul and Veda GARSKE, Debtors.**

**Veda Garske, et al., Plaintiffs,**

**v.**

**Arcadia Financial, Ltd., Defendant.**

**Bankruptcy No. 98–13427.**
**Adversary No. 00–1139.**

United States Bankruptcy Court,
N.D. California.

April 8, 2002.

Richard V. Day, Napa, CA, for Debtors.

---

**24.** A.R.S. §§ 33–1126(A)(6) & (B).

Memorandum on Cross–Motions
for Summary Judgment

ALAN JAROSLOVSKY, Bankruptcy Judge.

This is a class action lawsuit regarding the rights of Chapter 7 debtors who retained a secured creditor's collateral without formally reaffirming the debt and thereafter became delinquent. Plaintiffs argue that secured creditor Arcadia Financial, Ltd., violates the debtor's injunction by contacting the debtor by telephone and threatening repossession of the collateral if the debtor does not make a payment.

Section 524(a)(2) of the Bankruptcy Code operates as an injunction against an act to collect a debt as a personal liability of the debtor. The issue in this case is whether phone calls from the creditor to the debtor after discharge in which the creditor threatens to repossess its collateral if delinquent payments are not brought current violates this injunction.

Plaintiffs' case is pretty much entirely based on Bankruptcy Judge Bufford's decision in *In re Henry*, 266 B.R. 457 (Bkrtcy.C.D.Cal.2001). However, that case dealt with a mortgage on real property and does not appear applicable to other types of secured debt. To the extent it stands for the proposition that telephone calls by secured creditors to debtors after discharge are per se violations of the discharge injunction, the court disagrees.

■ In Henry, Bankruptcy Judge Bufford noted that where a Chapter 7 debtor retained a creditor's collateral after discharge, "the creditor may properly initiate certain contacts with the debtor." 266 B.R. at 472. However, he went on to opine that only written communications are permitted. The court does not understand the legal basis for this interpretation of the law. While it is certainly easier for a telephonic communication to "stray into improper collection activities," this court does not see how there can be a violation of the discharge injunction until and unless improper collection activities take place. A phone call is not, as alleged by plaintiffs in reliance on Henry, a per se improper collection activity.

The court fails to see any basis for plaintiffs' position. They quote several times from class representative Garsky's deposition testimony that she "got tired of being asked when Arcadia could come pick up the car." Garksy had it within her power to stop Arcadia's phone calls two ways: by bringing her payments current or by telling Arcadia to pick up the car. Arcadia had a right to either the payments or the car. The court does not see how Garsky can complain about actions she could have stopped, and it does not see how Arcadia can be held liable for asserting its rights.

■ In order to violate the discharge injunction, a creditor must take action to collect a debt as a personal liability of the debtor. There is no indication in this case that Arcadia told or implied to any debtor that there would be any consequence beyond repossession if payments were not current. There is no showing that Arcadia continued to contact any debtor after that debtor told Arcadia to repossess its collateral. The phone calls were not used for an improper purpose, nor did they stray into improper collection activity. Arcadia did not violate the discharge injunction.

For the foregoing reasons, the court will grant Arcadia's motion for summary judgment. Its counsel shall submit an appropriate form of order granting its motion and a form of judgment. Arcadia shall recover its costs of suit.