**In re George William BARNES, Debtor.**

**No. 03–24760 MER.**

United States Bankruptcy Court, D. Colorado.

March 30, 2004.

---

Daniel K. Usiak, Colorado Springs, CO, for Debtor.

Kelly J. Sweeney, Denver, CO, for U.S. Trustee.

## ORDER DENYING DEBTOR'S MOTION FOR EXTENSION OF TIME TO FILE PLAN

MICHAEL E. ROMERO, Bankruptcy Judge.

The Debtor, George William Barnes, d/b/a Barnes Engineering Company, made the small business election under 11 U.S.C. § 1121(e). The Debtor sought an order of this Court allowing him to file a plan as required by 11 U.S.C. § 1121(e)(2) subsequent to the expiration of the 160–day deadline. The United States Trustee ob-

jected to this motion contending that the Bankruptcy Code did not provide for the requested relief. After considering arguments of counsel and careful examination of all the evidence before it, this Court concludes that it cannot grant the requested relief.

## FACTS

On July 29, 2003, the Debtor, George William Barnes, d/b/a Barnes Engineering Company, filed for protection under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 101, *et seq.*). In his voluntary petition, the Debtor made the election to be considered a small business as defined in 11 U.S.C. §§ 101(51C) and 1121(e). On January 5, 2004, one day before the expiration of the 160–day deadline to file a plan as required by 11 U.S.C. § 1121(e)(2), the Debtor filed his motion seeking an extension of the statutory requirement.

The Debtor argues the extension was necessary because he has been focusing his efforts on building his business, increasing customer orders and significantly increasing the company's cash flow. He further argues that the effect of these efforts would assist in the development of an effective plan of reorganization from which all creditors would benefit. The Debtor suggests that an extension of the filing deadline is proper when the language of 11 U.S.C. § 1121 is read in conjunction with 11 U.S.C. §§ 105(a) and (d)(2) and Fed.R.Bankr.P. 9006(b)(1). The United States Trustee objected to the requested relief.

## DISCUSSION

The Bankruptcy Reform Act of 1994, Pub.L. No. 103–394, amended several aspects of Chapter 11 to apply in cases where a debtor is a "small business."[1]

1. 11 U.S.C. § 101(51)(c) defines a "small business" as:

These amendments were created "to expedite the process by which small businesses may reorganize under chapter 11." *Floor Statements on the Bankruptcy Reform Act of 1994,* 140 Cong. Rec. H10752, H10768 (daily ed. October 4, 1994) (analysis of Act's provisions appended to remarks of Rep. Brooks) (1994 WL 545773). Upon making the election, a debtor can take advantage of a more abbreviated confirmation process, including more liberal provisions for disclosure and solicitation. *See* H.R. Rep. 103–834, 103rd Cong., 2nd Sess. 30 (October 4, 1994), U.S.Code Cong. & Admin.News 1994, p. 3323; 140 Cong. Rec. H10768 (October 4, 1994).[2] To reap the benefits of this expedited process, a debtor must meet certain abbreviated time deadlines. Included in these deadlines is the time restriction for filing a plan contained in 11 U.S.C. § 1121(e), the subject of this dispute.

In analyzing whether the relief requested by the Debtor can be granted, a two-step process needs to be employed. Initially, the Court must determine whether 11 U.S.C. § 1121 itself provides a mechanism through which an extension can be granted. If no such authority exists, it must then be determined whether there are any other provisions of the Bankruptcy Code or Bankruptcy Rules which can be applied to grant the requested relief. Any analysis must therefore begin with a detailed look at the operative statute.

11 U.S.C. § 1121 is brief and clear in its relevant language:

(c) In a case in which the debtor is a small business and elects to be considered a small business-

(1) only the debtor may file a plan until after 100 days after the date of the order for relief under this chapter;

(2) all plans shall be filed within 160 days after the date of the order for relief; and

(3) on request of a party in interest made within the respective periods specified in paragraphs (1) and (2) and after notice and a hearing, the court may—

(A) reduce the 100–day period or the 160–day period specified in paragraph (1) or (2) for cause; and

(B) increase the 100–day period specified in paragraph (1) if the debtor shows that the need for an increase is caused by circumstances for which the debtor should not be held accountable.

 It is a basic rule of statutory construction that a statute must be interpreted to mean what it says. *DeMassa v. MacIntyre (In re MacIntyre),* 74 F.3d 186, 188 (9th Cir.1996). When particular language is included in one section of a statute but omitted in another section of the same statute, the Court should assume that Congress acted intentionally and purposefully in including or excluding that language. *Field v. Mans,* 516 U.S. 59, 67, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995).

 It is against this backdrop that 11 U.S.C. § 1121(e) must be examined. The

---

[A] person engaged in commercial or business activities (but does not include a person whose primary activity is the business of owning or operating real property and activities incidental thereto) whose aggregate noncontingent liquidated secured and unsecured debts as of the date of the petition do not exceed $2.000,000.

**2.** Certain of the operative provisions include: (1) § 1102(a)(3)—dispensing with the official

unsecured creditors committee upon a showing "for cause;" (2) § 1125(f)—providing for the "conditional" approval of a disclosure statement subject to final approval after notice and a hearing, allowing the use of such a document for solicitation purposes. As part of this section, the hearing on final approval of the disclosure statement is combined with the hearing on the confirmation of the plan.

statute allows reduction for cause of either the 100–day exclusivity period or the 160–day period during which any party may file a plan. *11 U.S.C. § 1121(e)(3)(A)*. The statute further allows for the extension of the 100–day exclusivity period, but only upon a showing that the need for an increase is caused by circumstances for which the debtor should not be held accountable. *11 U.S.C. § 1121(e)(3)(B)*. There is no provision within 11 U.S.C. § 1121(e) which specifically indicates the 160–day period for plan filing can be extended.[3] Because 11 U.S.C. § 1121(e) does not contain any specific language allowing for an extension of the established deadline, it must be presumed that Congress made a conscious determination to exclude the language when it passed this subsection.

Such a conclusion has been confirmed by those few courts which have also looked at this question. *See In re Win Trucking, Inc.*, 236 B.R. 774, 779 (Bankr.D.Utah 1999); *In re Western Steel & Metals, Inc.*, 200 B.R. 873, 875 (Bankr.S.D.Cal.1996). As a result, the Debtor's request for relief must be denied unless another provision of the Bankruptcy Code can provide for such a result.

Not surprisingly, the Debtor cites to 11 U.S.C. §§ 105(a) and (d) as statutory support for the requested extension. Section 105 is an omnibus statute phrased in such terms as to be the basis for a broad exercise of power by the courts in the administration of a bankruptcy case. *See generally 2 Collier on Bankruptcy* ¶ 105.01 (15th Ed.2003). The Bankruptcy Code provides the Court, pursuant to 11 U.S.C. § 105(a), with expansive equitable powers to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." *11 U.S.C. § 105(a)*. Section 105(d) specifically provides the Court may set a date for the filing of a disclosure statement and plan. *11 U.S.C. § 105(d)(2)(B)(i)*. However, the broad grant of power in Section 105 is not unlimited.

■ The starting point for the Court's analysis of its Section 105 authority is to recognize the general rule that a bankruptcy court possesses only the jurisdiction and powers expressly or by necessary implication conferred by Congress. *First State Bank v. Sand Springs State Bank*, 528 F.2d 350, 353 (10th Cir.1976). Even though a bankruptcy court is essentially a court of equity, its broad equitable powers may only be exercised in a manner consistent with the express provisions of the Bankruptcy Code. *E.g., In re Western Real Estate Fund, Inc.*, 922 F.2d 592, 601 (10th Cir.1990), modified by *Abel v. West*, 932 F.2d 898 (10th Cir.1991). *See generally Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206, 108 S.Ct. 963, 99 L.Ed.2d 169 (1988).[4]

■ As noted above, this Court believes the language in 11 U.S.C. § 1121(e) is plain and clear in its prohibition of extending the 160–day plan filing deadline when a debtor makes the small business election.

---

3. There are several other provisions in the Bankruptcy Code in which the Court has been given the power to grant extensions of time. For example, in addition to 11 U.S.C. § 1121(e)(3)(B), 11 U.S.C. § 365 of the Bankruptcy Code provides for the granting on an extension of the time limits for accepting or rejecting executory contracts or unexpired leases of non-residential real property. *See 11 U.S.C. § 365(d)(1) and (4)*.

4. Section 105(d) itself specifically incorporates this limitation when it notes the ability to set certain dates, including deadlines for the filing of plans and disclosure statements, must not be exercised in a manner "inconsistent with another provision of this title." 11 U.S.C. § 105(d)(2).

The Court therefore cannot use its broad 11 U.S.C. § 105 powers to contravene that deadline.

■ Finally, the Debtor's reference to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure also must be rejected.[5] Title 28 U.S.C. § 2075 which implements the Bankruptcy Rules, provides that "[s]uch rules shall not abridge, enlarge or modify any substantive right." Thus, the Bankruptcy Rules cannot override substantive provisions provided in the Bankruptcy Code and "any conflict between the Bankruptcy Code and the Bankruptcy Rules must be settled in favor of the Code." *E.g., In re Pacific Atlantic Trading Co.*, 33 F.3d 1064, 1066 (9th Cir.1994).

### CONCLUSION

The language of 11 U.S.C. § 1121(e) is clear and plain and requires that when a small business election is made by a Chapter 11 debtor, its plan of reorganization must be filed within 160 days of the order for relief. It is therefore:

**ORDERED**, that the Motion for Extension of Time to File a Plan is hereby DENIED.

5. Rule 9006(b)(1) states:

(b) *Enlargement.*

(1) *In General.* Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.