**In re George William BARNES, Debtor.**

**No. 03–24760 MER.**

United States Bankruptcy Court, D. Colorado.

June 1, 2004.

Daniel K. Usiak, Colorado Springs, CO, for Debtor.

Kelly J. Sweeney, Denver, CO, for U.S. Trustee.

## ORDER GRANTING DEBTOR'S MOTION TO WITHDRAW SMALL BUSINESS ELECTION AND DENYING U.S. TRUSTEE'S MOTION TO CONVERT

MICHAEL E. ROMERO, Bankruptcy Judge.

The Debtor, George William Barnes d/b/a Barnes Engineering Company, made the small business election as part of his Chapter 11 case. After missing the 160-day deadline for filing a plan of reorganization as mandated by 11 U.S.C. § 1121(e)(2), the Debtor sought an order of this Court allowing him to withdraw his small business election. Alternatively, the United States Trustee moved to convert the Debtor's Chapter 11 case to Chapter 7. After considering arguments of counsel and careful examination of the evidence, this Court concludes that the Debtor should be allowed to withdraw his small business election and that conversion need not be the result of a failure to meet § 1121(e)(2) deadlines.

### FACTS

On July 29, 2003, the Debtor, George William Barnes, d/b/a Barnes Engineering Company (the "Debtor"), filed for protection under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 101, *et seq.*). In his voluntary petition, the Debtor made the election to be considered a small business as defined in 11 U.S.C. §§ 101(51C) and 1121(e). On January 5, 2004, one day before the expiration of the 160-day deadline to file a plan as required by 11 U.S.C. § 1121(e)(2), the Debtor filed his motion seeking an extension of the statutory requirement. That motion was denied by this Court on March 16, 2004. *See In re Barnes,* 308 B.R. 77 (Bankr.D.Colo.2004). The Court is now presented with two motions seeking drastically different relief. As a consequence of the Debtor's inability to timely file his plan, the United States Trustee ("UST") seeks to convert this case to Chapter 7. In contrast, the Debtor seeks to withdraw the small business election and proceed under the general Chapter 11 framework.

### DISCUSSION

**A. Withdrawal of the Small Business Election.**

The Bankruptcy Reform Act of 1994, Pub.L. No. 103–394, amended sever-

al aspects of Chapter 11 to apply in cases where a debtor is a "small business."[1] These amendments were created "to expedite the process by which small businesses may reorganize under chapter 11." *Floor Statements on the Bankruptcy Reform Act of 1994*, 140 Cong. Rec. H10752, H10768 (daily ed. October 4, 1994) (analysis of Act's provisions appended to remarks of Rep. Brooks) (1994 WL 545773). Upon making the election, a debtor can take advantage of a more abbreviated confirmation process, including more liberal provisions for disclosure and solicitation. *See* H.Conf. Rep. 103–834, 103rd Cong., 2nd Sess. 30 (October 4, 1994), U.S.Code Cong. & Admin.News 1994, p. 3336; 140 Cong. Rec. H10768 (October 4, 1994).[2] In order to reap the benefits of this expedited process, a debtor must meet certain abbreviated time deadlines. Included in these deadlines is the time restriction for filing a plan contained in 11 U.S.C. § 1121(e). The Bankruptcy Code provides no direction as to what occurs if the statutory deadlines set forth in 11 U.S.C. § 1121(e) are not met. This question is the keystone to the adjudication of the present motions.

In the ten years since the enactment of the of the Bankruptcy Reform Act of 1994, there have been only two published judicial decisions addressing the issue of whether a small business election can be withdrawn or abrogated.[3] In the case of *In re Win Trucking, Inc. ("Win Trucking")*, 236 B.R. 774 (Bankr.D.Utah 1999), the United States Bankruptcy Court for the District of Utah addressed this issue in connection with a confirmation hearing. The Debtor filed its plan of reorganization more than 300 days after the order for relief had entered, significantly after the 160–day time limit imposed by 11 U.S.C. § 1121(e). Thereafter, the Debtor filed a Notice of Withdrawal of Small Business Election. At the confirmation hearing, the court dealt with the issue of whether a small business election could be withdrawn under those circumstances.

The Court analogized a choice of the small business election with other sorts of elections in bankruptcy cases, most notably those under 11 U.S.C. § 1111(b). The Court concluded that if a withdrawal of an election to be treated as a small business is to be allowed at all, it must be for good cause shown, made within the time deadlines fixed by 11 U.S.C. § 1121(e), and then only if no prejudice occurs to any party as a result of the withdrawal. *Win Trucking, supra*, at 782.

Approximately two years after the *Win Trucking* case, the United States Bankruptcy Court for the District of Minnesota, in the case of *In re Coleman Enterprises ("Coleman")*, 266 B.R. 423 (Bankr.D.Minn. 2001), addressed the abrogation of a small business election in a slightly different fac-

---

**1.** 11 U.S.C. § 101(51C) defines a "small business" as:

[A] person engaged in commercial or business activities (but does not include a person whose primary activity is the business of owning or operating real property and activities incidental thereto) whose aggregate noncontingent liquidated secured and unsecured debts as of the date of the petition do not exceed $2,000,000.00.

**2.** Certain of the operative provisions include: (1) § 1102(a)(3)—dispensing with the official unsecured creditors committee upon a show-

ing "for cause;" (2) § 1125(f)—providing for the "conditional" approval of a disclosure statement subject to final approval after notice and a hearing, allowing the use of such a document for solicitation purposes. As part of this section, the hearing on final approval of the disclosure statement is combined with the hearing on the confirmation of the plan.

**3.** *In re Win Trucking, Inc.*, 236 B.R. 774 (Bankr.D.Utah 1999); *In re Coleman Enterprises, Inc.*, 266 B.R. 423 (Bankr.D.Minn. 2001).

tual context. In that case, the jointly administered Debtors filed the first version of their proposed plan of reorganization within the 160–day deadline. Because of numerous objections, the Debtors filed several amended plans, the last of which was filed approximately seven months after the filing of the bankruptcy case. Thereafter, the Debtors decided they did not wish to go forward with their proposed reorganization and sought to dismiss the bankruptcy cases. However, the primary creditor in the case, wanting to file its own plans of reorganization, sought instead to have the Debtors removed from the so-called "small business track," but left in Chapter 11. Adding to the confusion, the U.S. Trustee's office sought to have the bankruptcy case converted to a Chapter 7.

After citing to *Win Trucking*, the general history of American bankruptcy law, and analogizing the situation to "simple set theory in middle-school mathematics," the Court concluded that a debtor's small business status could be terminated without an ejection from Chapter 11, but only under certain circumstances. *Coleman, supra*, at 433–435. However, the Court recognized that to do so in that case required application of 11 U.S.C. § 105(a).

### B. Application of 11 U.S.C. § 105.

Under the bright-line test employed by *Win Trucking*, once the plan filing deadline has passed, there are no other options in dealing with a "small business" debtor case, except conversion or dismissal. While there is a certain attraction in the creation of bright-line tests, to do so unnecessarily restricts the flexibility needed in the myriad of circumstances that are presented in bankruptcy cases. Further, this Court is hesitant to use case law to engage in drafting non-existent provisions into the Bankruptcy Code, even if such a device has been used to remedy other perceived "gaps" in the statute. Rather, this Court believes the solution lies within an already existing section of the Bankruptcy Code, 11 U.S.C. § 105.

11 U.S.C. § 105 is an omnibus statute which provides the basis for a broad exercise of power by the courts in the administration of a bankruptcy case. *See generally 2 Collier on Bankruptcy* ¶ 105.01 (15th ed.2003). The provision provides the Court with expansive equitable powers to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." *11 U.S.C. § 105(a)*. Stated differently, 11 U.S.C. § 105 gives the Bankruptcy Court the authority to fill in gaps in the statutory mandates of Congress in an efficient manner. *See In re Ockerlund Const. Co.*, 308 B.R. 325, 330 (Bankr.N.D.Ill.2004) (the Bankruptcy Court's equitable powers under 11 U.S.C. § 105(a) do not override specific Bankruptcy Code provisions; they supplement those provisions and fill in gaps and ambiguities); *See generally 2 Collier on Bankruptcy, supra*.

The factors enunciated by *Win Trucking* in justifying the creation of a bright-line test; i.e., delay, prejudice to creditors, the potential for abuse and confusion of creditors, are better evaluated in the context of the balancing test required in an analysis under 11 U.S.C. § 105. In the present situation, the Debtor moved to withdraw his small business election shortly after the expiration of the 160–day plan filing deadline. The present case does not provide a situation in which the Debtor waited nearly a year before filing a plan of reorganization and seeking exit from the small business election as existed in *Win Trucking*. Thus, delay, while a consideration, is not an overriding factor in this case. Other than the UST's general arguments regarding delay causing damage to creditors, there is no evidence before this Court that

any prejudice to creditors will occur if this Debtor is allowed to continue to operate in Chapter 11. It is notable that none of the Debtor's creditors in this particular case saw fit to formally challenge the Debtor's attempt to withdraw its election. Likewise, there is no evidence that the withdrawal request is an abuse of the system nor that placing this case under the general Chapter 11 provisions would result in any confusion by creditors.

In light of the above, this Court concludes that the balance of equities in this case favor the Debtor. At the end of the day, this case may be converted or dismissed if the Debtor is not able to survive under general Chapter 11 dictates. However, this Debtor should be given the opportunity to succeed or fail on his own, without finding himself in liquidation or out from under bankruptcy protection because of the inability to meet the deadlines under the more restrictive "small business" process.

IT IS HEREBY ORDERED:

1. The Debtor's status as a small business within the meaning of 11 U.S.C. § 101(51C) is hereby withdrawn. This case shall no longer be subject to the governance of 11 U.S.C. §§ 1121(e) and 1125(f).

2. The Motion to Convert filed by the UST is hereby denied.