In re ST. PAUL SELF STORAGE
LIMITED PARTNERSHIP,
Debtor.

ST. PAUL SELF STORAGE LIMITED
PARTNERSHIP, Appellant,

v.

The PORT AUTHORITY OF the CITY
OF ST. PAUL, Appellee.

BAP No. AZ–94–2533–MAsR.
Bankruptcy No. 94–04843–PHX–GBN.

United States Bankruptcy Appellate Panel,
Ninth Circuit.

Argued and Submitted July 21, 1995.

Decided Aug. 10, 1995.

Donald W. Powell, Phoenix, AZ, for appellant.

Gerald L. Shelley, Phoenix, AZ, Michael B. McCarty, Seattle, WA, for appellee.

Before McMANUS [1], ASHLAND and RUSSELL, Bankruptcy Judges.

## OPINION

McMANUS, Bankruptcy Judge:

This appeal arises from the bankruptcy court's orders dismissing Debtor's chapter 11 case pursuant to section 1112(b) and denying reconsideration of the dismissal. We AFFIRM the bankruptcy court.

## I. FACTS

Debtor and Appellant, St. Paul Self Storage Limited Partnership (Debtor), is an Arizona limited partnership and successor in interest to St. Paul One Self Storage (St. Paul One), an Arizona general partnership.

Debtor was formed in 1986 to acquire, develop, and operate a self service storage facility. Debtor's general partners are Sidney G. McClue and James Rodgers.

The Port Authority (Appellee) is an economic redevelopment entity for the city of St. Paul, Minnesota. In October of 1984, St. Paul One's partners, Messrs. McClue and Rodgers, requested that Appellee issue revenue bonds to finance construction of a self storage facility located in St. Paul. Appellee issued $1,715,000 in revenue bonds on behalf of St. Paul One, the self storage facility was constructed, and St. Paul One and Appellee entered into a 30 year lease for the facility. The lease obligated St. Paul One to pay monthly rent sufficient to satisfy the principal and interest on the bonds and permitted St. Paul One to purchase the facility at the end of the 30 year lease term. St. Paul One assigned its interest in the lease to Debtor shortly after Debtor's formation.

Debtor defaulted on its obligations under the lease in the spring of 1991. Consequently, Appellee initiated an unlawful detainer action against Debtor and recovered possession of the facility on September 3, 1991.

On July 3, 1991, Debtor filed suit against Appellee in the state district court of Ramsey County, Minnesota. Debtor's complaint stated nine claims for relief all based on the allegation that the facility was contaminated by hazardous substances which migrated to the facility from other property owned by the Appellee. Because of this contamination, Debtor alleged that it was impossible to obtain other financing to meet the financial obligations of the lease.

Appellee's motion for summary judgment was granted in part by the state court resulting in judgment in its favor on five of the nine claims for relief. The remainder of the complaint, as well as Appellee's counterclaim for damages for breach of the lease against Debtor and its general partners, were then set for a July 25, 1994 trial. With the trial date fast approaching, Appellee noticed the deposition of general partner Sidney McClue

---

1. Hon. Michael S. McManus, Bankruptcy Judge for the Eastern District of California, sitting by designation.

for May 18, 1994. Mr. McClue failed to appear and Appellee moved to compel McClue's attendance. On May 24, 1994, one day prior to the hearing on Appellee's discovery motion, Debtor filed its chapter 11 petition in the District of Arizona.

The Debtor's bankruptcy schedules disclose two assets—its claim against Appellee (valued at a minimum of $715,000) and certain personal property which is in the possession of Appellee (valued at $21,030). The personal property was repossessed by Appellee when it took possession of the facility. The state court complaint seeks to recover the personal property or its value.

While no secured creditors are listed in the schedules, unsecured claims of $690,564 are scheduled. Appellee's claim, scheduled at $334,000, is approximately 48% of the total amount of unsecured claims. The remaining unsecured claims are held by Debtor's professionals and insiders. Excluding the state court litigation with Appellee, the statement of affairs reports no litigation between Debtor and any other creditor. Debtor also identified Ramsey County as the holder of a priority claim. This represents unpaid real property taxes on the facility.

Neither the statement of affairs, schedules, nor the later filed plan and disclosure statement indicate that Debtor had any ongoing business operations. In fact, the plan and disclosure statement acknowledge that Debtor's intended reorganization effort would consist of liquidating its claims against Appellee.

Debtor did not, however, liquidate its claims against the Appellee at the scheduled July 25, 1994 state court trial. Instead, on October 19, 1994, it filed a "turnover" complaint in the bankruptcy court. This complaint contains four claims for relief which are identical to the remaining four claims for relief in the state court complaint.

On August 3, 1994, Appellee filed a Motion to Dismiss or Transfer Venue, requesting, among other things, dismissal of the petition on the ground that it was filed in bad faith. The bankruptcy court granted the motion to dismiss on November 9, 1994. On November 21, 1994, Debtor filed a Motion for New Trial/Hearing, Motion to Alter or Amend Judgment and Motion for Reconsideration. The court denied the motion on December 2, 1994. Debtor timely appealed both orders.

## II. ISSUES

1. Whether the bankruptcy court correctly dismissed the bankruptcy case for cause under 11 U.S.C. § 1112(b).

2. Whether the bankruptcy court correctly denied the Appellant's Motion for New Trial/Hearing, Motion to Alter or Amend Judgment and Motion for Reconsideration of the Order Dismissing Case.

## III. STANDARD OF REVIEW

■ The court reviews *de novo* whether the cause for dismissal of a chapter 11 case under 11 U.S.C. § 1112(b) is within the contemplation of that section. *Marsch v. Marsch (In re Marsch),* 36 F.3d 825, 828 (9th Cir.1994). The bankruptcy court's decision to dismiss a case as a "bad faith" filing is reviewed for abuse of discretion. *Stolrow v. Stolrow's, Inc. (In re Stolrow's, Inc.),* 84 B.R. 167, 170 (9th Cir. BAP 1988). The finding of "bad faith" is reviewed for clear error. *Eisen v. Curry (In re Eisen),* 14 F.3d 469, 470 (9th Cir.1994).

## IV. DISCUSSION

### A.

■ Section 1112(b) allows the court to dismiss a bankruptcy case for cause and defines cause with a nonexclusive list of examples which warrant dismissal of a petition. 11 U.S.C. § 1112(b). Although section 1112(b) does not expressly require that a petition be filed in good faith, the lack of good faith in filing a chapter 11 petition constitutes cause for dismissal. *In re Marsch,* 36 F.3d at 828; *State of Idaho, Dept. of Lands v. Arnold (In re Arnold),* 806 F.2d 937, 939 (9th Cir.1986).

■ To determine whether a debtor has filed a petition in bad faith, courts weigh a variety of circumstantial factors such as whether:

(1) the debtor has only one asset;

(2) the debtor has an ongoing business to reorganize;

(3) there are any unsecured creditors;

(4) the debtor has any cash flow or sources of income to sustain a plan of reorganization or to make adequate protection payments; and

(5) the case is essentially a two party dispute capable of prompt adjudication in state court.

*See In re Stolrow's, Inc.,* 84 B.R. at 171; *see also Trident Assoc. Ltd. Partnership v. Metropolitan Life Insurance Co. (In re Trident Assoc. Ltd.),* 52 F.3d 127, 131 (6th Cir.1995); *Phoenix Piccadilly, Ltd. v. Life Ins. Co. (In re Phoenix Piccadilly, Ltd.),* 849 F.2d 1393, 1394 (11th Cir.1988). Generally speaking, when factors such as these indicate that a debtor is unreasonably deterring or harassing creditors rather than attempting a speedy and feasible reorganization, the court may conclude that the petition has been filed in bad faith and dismiss it. *In re Marsch,* 36 F.3d at 828.

██ Here, Debtor asserts that the bankruptcy court abused its discretion in dismissing its case. Debtor states that it did not file its bankruptcy petition for an illegitimate purpose or in bad faith. To support this contention, Debtor refers to the fact that it filed a proposed disclosure statement and plan, filed all monthly operating reports, and paid all quarterly fees to the United States Trustee.

However, notwithstanding Debtor's reverence for form, the substance of this case indicates that the bankruptcy court's finding of bad faith was not clearly erroneous nor did it abuse its discretion when dismissing the case.

The bankruptcy court found that Debtor's purpose in filing its petition was not to effectuate a reorganization of its business, but was a litigation tactic. Debtor has conducted no business since it surrendered the facility in 1991. Moreover, its only significant asset is a claim against Appellee which was set to be tried in state court soon after the bankruptcy petition was filed. Debtor's lack of creditors, other than insiders and its own professionals, further indicated to the bankruptcy court that protection under the Bankruptcy Code was not necessary to a serious and legitimate reorganization. Finally, the bankruptcy court found that Debtor's bankruptcy case was an improper attempt to gain a more convenient forum for its litigation against Appellee.

These findings establish cause for dismissal under section 1112(b). Debtor has been involved in litigation with Appellee since 1991. Most of its claims have been lost through summary judgment. Shortly before trial, Debtor filed a chapter 11 petition. The timing of the petition and the unsuccessful progress of the Minnesota litigation strongly suggests Debtor's intent to use the bankruptcy code as a means to escape to a forum which it perceived to be more friendly. *See In re Marsch,* 36 F.3d at 829 (holding that filing a petition to delay collection of a judgment the debtor could afford to pay was in bad faith); *In re Van Owen Car Wash, Inc.,* 82 B.R. 671, 673 (Bankr.C.D.Cal.1988) (holding that a chapter 11 petition in a case involving a two-party lawsuit was not filed in good faith); *Donuts of Seekonk, Inc. v. Panagakos (In re Donuts of Seekonk, Inc.),* 122 B.R. 172, 173 (Bankr.D.R.I.1990) (dismissing debtor's bankruptcy because it appeared to be nothing more than an attempt to resurrect prior unsuccessful litigation in another forum); *In re Wally Findlay Galleries (NY), Inc.,* 36 B.R. 849 (Bankr.S.D.N.Y.1984) (finding it evident that the debtor sought not to reorganize, but to relitigate, where debtor was unable to propose a meaningful plan of reorganization until its state court litigation was resolved).

Nor does it appear that bankruptcy court supervision of Debtor's liquidation is necessary. Prior to the bankruptcy, Debtor was being pursued by no creditors other than Appellee. Its assets had already been seized by Appellee. To the extent other tangible assets remain to be liquidated, there is no impediment to liquidation outside of bankruptcy.

The filing of the bankruptcy petition has delayed, not hastened, completion of the litigation. This tactic belies the stated intention of Debtor's proposed plan to promptly pursue its claims against Appellee for the benefit of its creditors. Debtor was poised to do just this in state court yet sought the unneeded

refuge of the bankruptcy court. The circumstances support Appellee's contention on appeal that the sole purpose of the bankruptcy was to delay the day of reckoning on Appellee's counterclaim against Debtor and its general partner, Mr. McClue.[2]

 It is because of this improper purpose that Appellee has requested sanctions against Debtor for the filing of a frivolous appeal. *See* Fed.R.App.P. 38. "Sanctions are appropriate when the result of an appeal is obvious and the arguments of error are wholly without merit." *Grimes v. Commissioner,* 806 F.2d 1451, 1454 (9th Cir.1986). Given the timing of the bankruptcy, its delay of the state court action, and absence of anything to reorganize, there is no doubt that the petition was filed in bad faith and that this appeal has presented no substantial or meritorious issues. This appeal has merely compounded the delay and harassment of Appellee. Sanctions against Debtor to compensate Appellee for its attorney's fees and costs incurred in connection with the appeal are appropriate.

### B.

 A motion for reconsideration may properly be denied where the motion fails to state new law or facts. *In re Agricultural Research and Technology Group, Inc.,* 916 F.2d 528, 542 (9th Cir.1990). Debtor argues that the dismissal order should have been reconsidered because it did not provide a specific basis for dismissal of the case. In fact, the transcript of the hearing on the motion to dismiss contains the bankruptcy court's specific reasons for granting the motion. As indicated above, those reasons justified a finding of bad faith and dismissal of the case. Consequently, the bankruptcy court did not abuse its discretion in denying the motion.

### V. CONCLUSION

The bankruptcy court's finding that this case was filed in bad faith is not clearly erroneous and it did not abuse its discretion when dismissing Debtor's petition. This case is a classic example of a bankruptcy petition being filed, not to reorganize, but to remove a two party dispute to bankruptcy court to delay and frustrate a creditor. We AFFIRM the orders dismissing the case and denying reconsideration. We also REMAND to the bankruptcy court for a determination of the appropriate amount of sanctions against Debtor for the filing of this frivolous appeal.

---

2. The other general partner, James Rodgers, received a chapter 7 discharge in 1992.