NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In the Matter of:<br><br>EBELL MEDIA, INC.,<br><br>          Debtor, | No. 10-55654<br><br>D.C. No. 2:09-cv-00752-SVW<br><br>MEMORANDUM[*] |
| EBELL MEDIA, INC.,<br><br>          Appellant,<br><br>   v.<br><br>REATY CORPORATION,<br><br>          Appellee. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted November 14, 2011[**]
Pasadena, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: W. FLETCHER, and RAWLINSON, Circuit Judges, and SINGLETON,*** Senior District Judge

Ebell Media, Inc., ("Ebell") and Sun C. Chen ("Chen"), its counsel, appeal from the final judgment of the district court affirming on appeal the decision of the bankruptcy court terminating the automatic stay and awarding sanctions to Reaty Corporation ("Reaty").

We review the decision of a district court on appeal from a decision of the bankruptcy court de novo, without deference to the district court's decision. *Hale v. United States Tr.*, 509 F.3d 1139, 1145 (9th Cir. 2007). The decision of a bankruptcy court to grant or deny relief from the automatic stay is reviewed for an abuse of discretion. *Gruntz v. County of Los Angeles* (*In re Gruntz*), 202 F.3d 1074, 1084 n.9 (9th Cir. 2000) (en banc). Likewise, a bankruptcy court's award of sanctions is also reviewed for an abuse of discretion. *Hale*, 509 F.3d at 1146.

A dispute arose between Reaty and Ebell concerning performance under a contract between them. Reaty initiated arbitration proceedings in accordance with the arbitration provision in the contract. When the arbiter informed the parties she was prepared to enter an award, Ebell filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

---

*** Honorable James K. Singleton, Senior District Judge, District of Alaska, sitting by designation

"[B]ad faith commencement of [a bankruptcy] case justifies lifting [the] stay." *Raleigh v. Ill. Dept. of Revenue*, 530 U.S. 15, 25 (2000). "To determine bad faith a bankruptcy judge must review the totality of the circumstances." *Eisen v. Curry* (*In re Eisen*), 14 F.3d 469, 470 (9th Cir. 1994) (per curiam) (internal quotation marks and citation omitted). The bankruptcy court's finding of bad faith is reviewed for clear error. *Marsch v. Marsch* (*In re Marsch*), 36 F.3d 825, 828 (9th Cir. 1994). In this case, it is undisputed that: (1) this case involved solely a two-party dispute; and (2) the only possible effect of the bankruptcy filing was to stop the arbitration proceeding. Given the timing of the petition, its delay of the arbitration proceeding, and the absence of any estate to be administered, there can be no doubt that the petition was filed in bad faith. *See St. Paul Self Storage Ltd. P'ship v. Port Authority of the City of St. Paul* (*In re St. Paul Self Storage Ltd. P'ship*), 185 B.R. 580, 584 (9th Cir. BAP 1995) (finding bad faith under similar facts). The bankruptcy court did not abuse its discretion in terminating the stay to permit the pre-petition arbitration proceeding to go forward.

The bankruptcy court imposed sanctions on Chen under Federal Rule of Bankruptcy Procedure 9011. Chen argues that, because the contract between Ebell and Reaty was executory and the bankruptcy trustee did not assume it within 60

days of the date the bankruptcy petition was filed, as required by 11 U.S.C. § 365(d)(1), the contract was deemed rejected as a matter of law.

The contract was not executory at the time Ebell filed its bankruptcy petition. The contract had been breached and, except for the payment of money from Ebell to Reaty, no other performance was due under the terms of the contract. The mere fact that money may be due from one party to the other without a reciprocal obligation on the payee to do some act does not make a contract "executory." *See Hall v. Perry* (*In re Cochise College Park, Inc.*), 703 F.2d 1339, 1349 & n.7 (9th Cir. 1983) (finding a contract executory where, in addition to the requirement that payment be made, the payee had an obligation under the contract to perform some act).

We have considered Chen's other arguments and find them to be without merit. The bankruptcy court did not abuse its discretion in imposing sanctions on Chen. Accordingly, the decision of the district court is affirmed.

**AFFIRMED.**