NOT FOR PUBLICATION

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | ) BAP No. CC-11-1625-PaDH |
| | ) |
| SERRON INVESTMENTS, INC., | ) Bankr. No. 11-12566-MT |
| | ) |
| Debtor. | ) |
| _____ | ) |
| | ) |
| SERRON INVESTMENTS, INC., | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | ) **M E M O R A N D U M**[1] |
| | ) |
| PACIFICA L 22, LLC, | ) |
| | ) |
| Appellee. | ) |
| _____ | ) |

Argued and Submitted on May 17, 2012
at Pasadena, California

Filed - June 8, 2012

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Maureen Tighe, Bankruptcy Judge, Presiding

_____

Appearances:    Moises Saul Bardavid argued for appellant Serron
Investments, Inc.; Martin Phillips argued for
appellee Pacific L 22, LLC.

_____

Before: PAPPAS, DUNN and HOLLOWELL, Bankruptcy Judges.

_____

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

-1-

Chapter 11[2] debtor Serron Investments, Inc. ("Serron") appeals the bankruptcy court's order dismissing its bankruptcy case. We AFFIRM.

**FACTS**

Unless noted, the material facts in this case are undisputed.

Serron, a Delaware corporation engaged in the business of acquiring and selling interests in real property, acquired title to a property on Tryon Road in Los Angeles (the "Property") from Alejandro Elias Weissman ("Weissman") on January 26, 2009. At that time, the Property was already encumbered by a first deed of trust in the amount of $1,320,000, dated January 22, 2009, in favor of East-West Bank. The beneficial interest in this deed of trust was assigned to appellee Pacifica L 22, LLC ("Pacifica") on September 15, 2010.

Serron executed two other trust deeds on the Property: a second deed of trust for $265,000 in favor of First Yorkshire Holdings, Inc. ("First Yorkshire"); and a third deed of trust for $245,000 in favor of Durham Development Company, Inc. ("Durham Development").[3] Both the second and third trust deeds were dated April 9, 2010, executed April 13, 2010, and recorded on November 30, 2010.

On December 22, 2010, Serron executed a Grant Deed transferring a 25 percent interest in the Property to Weissman.

---

[2] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

[3] The bankruptcy court would later determine, as to Serron, First Yorkshire and Durham Development, that "they're all the same people." Tr. Hr'g 6:7, September 22, 2011.

The Grant Deed bears the notation, "This is a bonafide gift and the grantor received nothing in return."

The next day, December 23, 2010, First Yorkshire, the beneficiary of the second deed of trust, filed a petition for relief under chapter 11. Bankr. C.D. Cal. Case no. 10-26058-AA. At that time, the monthly payments on the Pacifica first deed of trust were in default for seven payments totaling $9,116.92. Neither Serron nor First Yorkshire made any payments on the first trust deed after First Yorkshire filed for bankruptcy, so Pacifica filed a motion for stay relief on January 31, 2011. After a hearing on March 2, 2011, the motion for relief from stay was granted under § 362(d)(2) and (d)(4) by order entered on March 28, 2011, in which the First Yorkshire bankruptcy court noted that "the filing of the [First Yorkshire] petition was part of a scheme to delay, hinder and defraud creditors that involved either [] transfer of all or part ownership of, or other interest in the Property without the consent of the secured creditor or court approval." First Yorkshire appealed the stay relief to the Panel, and on May 10, 2012, the Panel entered its Opinion vacating the stay relief order. First Yorkshire Holdings, Inc. v. Pacifica L 22, LLC (In re First Yorkshire Holdings, Inc.), ___ B.R. ___, 2012 WL 1658250 (9th Cir. BAP 2012).[4]

The day before the stay relief hearing in the First Yorkshire bankruptcy case, on March 1, 2011, Serron filed a chapter 11

_____

[4] The Panel in First Yorkshire vacated the stay relief order granted under § 362(d)(2) and (d)(4), because the bankruptcy court had not made adequate findings of fact under Civil Rule 52(a) to support its orders. The Panel remanded the matter to the bankruptcy court to provide those findings. However, the Panel's decision in First Yorkshire is not relevant in the current appeal.

-3-

petition. Serron's schedules listed the first deed of trust in favor of Pacifica as a disputed debt for $1,386,326.00, and undisputed deeds of trust in favor of First Yorkshire for $265,000 and Durham Development for $245,000. The only asset listed in Serron's schedules was the Property, other than an unknown amount of cash.[5]

The bankruptcy court entered an Order Setting Scheduling and Case Management Conference on March 15, 2011. That order informed Serron and other interested parties "that based upon the Court's records and evidence presented at the status conference, the Court may take any of the following actions at the status conference (or at any continued hearing) without further notice: 1. Dismiss the case[.]" A copy of that order was electronically served on the attorney for Serron.

The U.S. Trustee ("UST") moved to dismiss, or to convert the Serron chapter 11 case to a chapter 7 case, on June 13, 2011. The UST alleged that Serron had failed to file a variety of documents, including monthly reports, tax returns, and sales receipts, among others. After Serron substantially complied with the UST's demands, the UST withdrew its motion to dismiss or convert on July 15, 2011.

Pacifica filed a motion for relief from stay in the Serron bankruptcy case on August 26, 2011. Pacifica alleged cause for relief existed under § 362(d)(1) (alleging as "cause," lack of an adequate equity cushion, declining fair market value, and lack of

---

[5] Later, in response to the U.S. Trustee's motion to dismiss, Serron admitted that the only cash asset listed in the schedules was the $500 its principal had deposited in the bank at the time of the petition filing to fund a DIP account.

-4-

payments), § 362(d)(2)(A) (alleging that Serron lacked equity in the Property), § 362(d)(3) (alleging that Serron had failed to file a confirmable plan in the single asset real estate case, or to commence payments, within 90 days of the bankruptcy filing), and § 362(d)(4) (alleging that the bankruptcy filing was part of scheme to defraud creditors). At that time, the payments on the Pacifica first deed of trust had been in default for fifteen months.

The bankruptcy court conducted a continuing status conference and hearing on Pacifica's motion for relief from stay on September 22, 2011. Tr. Hr'g I-ii, September 22, 2011. Counsel for Serron, Pacifica, and the UST were present and heard. After reviewing the evidence and hearing from counsel, the bankruptcy court granted relief from stay to Pacifica. As to § 362(d)(2), the court ruled that the appraisals submitted into evidence "are insufficient to show adequate value or any equity to protect [Pacifica]." Tr. Hr'g 10:8-10, September 22, 2010. As to § 362(d)(4), the court ruled "the transfer of [a] fractional interest [by Serron to Weissman] prepetition indicates that this is an abusive case solely for delay purposes in bad faith." Tr. Hr'g 10:21-23.

And as to § 362(d)(3), the bankruptcy court observed that Serron had failed to contest that cause for stay relief existed under this Code provision in its opposition or briefing. The court presumed that Serron's case was a single asset real estate case, and thus, its failure to submit a plan within 90 days, or begin payments to Pacifica, was grounds for relief from stay under

-5-

§ 362(d)(3).[6] But the court went on to note that "even if that were not the case," Serron had presented "absolutely no plan and [made] no progress towards reorganization in nine months[.]" Tr. Hr'g 9:17-19. Finally, the bankruptcy court noted that the UST had advised the court that Serron was again failing to provide requested documents, and the court expressed concern that if relief from the stay were granted to Pacifica concerning Serron's only asset, there would be nothing to reorganize and the bankruptcy case should not go forward. For these reasons, the bankruptcy court therefore granted Pacifica relief from stay under § 362(d)(2),(3) and (4). However, it also decided that the bankruptcy case should be dismissed.

An order granting Pacifica relief from stay was entered on October 19, 2011. An order dismissing the bankruptcy case was entered a few days later, on October 24, 2011. In the dismissal order, the bankruptcy court amplified its grounds: "The Debtor has failed to confirm a plan of reorganization and it appeared as if the Debtor was not going to be able to reorganize its debts based on the fact that the Court granted relief to the secured creditor to pursue its state court remedies against the Debtor's sole asset. In addition, the Debtor was not in compliance with the

---

[6] At oral argument before the Panel, Serron insisted that § 362(d)(3) was inapplicable in its bankruptcy case, and that the bankruptcy court had erred by assuming that Serron's case was a single asset real estate case. See § 101(51B) (defining "single asset real estate" to exclude "residential real property with fewer than 4 residential units . . . ."). However, the bankruptcy court's stay relief order is not before the Panel in this appeal. In making its decision on dismissal, the bankruptcy court did not rely on the conclusion that Serron's case was a single asset real estate case, but instead concluded that Serron had not confirmed a plan, could not confirm a plan, and had failed to comply with the UST Guidelines.

United States Trustee Chapter 11 Notices and Guides."

Serron filed a notice of appeal regarding the order to dismiss the bankruptcy case on November 7, 2011. This is the appeal now before the Panel, No. CC-11-1625. On the same day, Serron filed a notice of appeal concerning the order granting stay relief to Pacifica, No. CC-11-1626. This was nineteen days after entry of the stay relief order. Because Rule 8002(a) requires that a notice of appeal be filed within fourteen days of entry of the order on appeal, Serron's failure to timely appeal the stay relief order divested the Panel of jurisdiction to hear the appeal. Preblich v. Battley, 181 F.3d 1048, 1056 (9th Cir. 1999). See also Disabled Rights Action Comm. v. Las Vegas Events, Inc., 375 F.3d 861, 869 (9th Cir. 2004)(filing of effective notice of appeal is a nonwaivable jurisdictional requirement). After notice to Serron, on April 26, 2012, the Panel entered an order dismissing the stay relief appeal as untimely. As a result, this decision addresses only the bankruptcy court's order dismissing Serron's bankruptcy case.

**JURISDICTION**

The bankruptcy court had subject matter jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). The Panel has jurisdiction under 28 U.S.C. § 158.

**ISSUE**

Whether the bankruptcy court abused its discretion in dismissing Serron's bankruptcy case.

**STANDARD OF REVIEW**

We review the bankruptcy court's order dismissing a chapter 11 case under § 1112(b) for abuse of discretion. Marsch

-7-

v. Marsch (In re Marsch), 36 F.3d 825, 828 (9th Cir. 1994); St. Paul Self Storage Ltd. P'ship v. The Port Authority of the City of St. Paul (In re St. Paul Self Storage), 185 B.R. 580, 582 (9th Cir. BAP 1995).

In applying an abuse of discretion test, we first "determine de novo whether the [bankruptcy] court identified the correct legal rule to apply to the relief requested." United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc). If the bankruptcy court identified the correct legal rule, we then determine whether its "application of the correct legal standard [to the facts] was (1) illogical, (2)implausible, or (3) without support in inferences that may be drawn from the facts in the record." Id. (internal quotation marks omitted). If the bankruptcy court did not identify the correct legal rule, or its application of the correct legal standard to the facts was illogical, implausible, or without support in inferences that may be drawn from the facts in the record, then the bankruptcy court has abused its discretion. Id.

**DISCUSSION**

As discussed above, this appeal focuses solely on the bankruptcy court's order dismissing Serron's bankruptcy case. In that respect, the procedural status of this appeal is problematic for Serron.

Although, with the Panel's permission, the parties filed joint briefs in Serron's two appeals of the stay relief and dismissal orders, Serron's briefs address only its position concerning the order granting Pacifica relief from stay. Except for a cryptic reference to the order dismissing the case in its

statement of issues in its opening brief, Serron's Op. Br. at 2, Serron's briefs offer no discussion or analysis of its position that the bankruptcy court erred in dismissing its chapter 11 case.

As the Ninth Circuit recently pointed out, as an appellate tribunal, "[w]e review only issues which are argued specifically and distinctly in a party's opening brief." Leigh v. Salazar, 677 F.3d 892, 897 (9th Cir. 2012) (quoting Greenwood v. Fed. Aviation Admin., 28 F.3d 971, 977 (9th Cir. 1994)). Moreover, an argument will not be saved by a mere summary mention in a party's opening brief. UMG Recordings, Inc. v. Shelter Capital Partners, LLC, 667 F.3d 1022, 1031 (9th Cir. 2011).

After Pacifica observed in its brief that Serron had failed to argue grounds for its appeal of the dismissal order, Serron inexplicably compounded its error by failing to provide arguments concerning the dismissal order in its reply brief, making but a single conclusory observation: "Dismissal was plainly based on the fact that the estate, after a finding for relief, had been divested of its largest asset." Serron Reply Br. at 7. Simply put, nowhere in Serron's briefs is there any developed argument or authority that the bankruptcy court abused its discretion in dismissing the bankruptcy case.

On the other hand, the record discloses the existence of ample cause to justify the bankruptcy court's decision to dismiss. In its comments on the record, and in its formal order, the bankruptcy court expressed a variety of reasons why it should exercise its discretion to dismiss — that Serron had failed to propose a confirmable plan; that it appeared Serron would be unable to reorganize because Pacifica had been given permission to

-9-

foreclose its trust deed on Serron's sole asset; and that Serron had not complied with the UST's operating guidelines. The Code and case law make clear that these concerns constitute adequate cause for dismissal of a bankruptcy case.

The statutory authority for dismissal of a chapter 11 case, § 1112(b), provides that "the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment . . . of a trustee or examiner is in the best interest of the creditors and the estate." § 1112(b)(1). Thus, if cause is present, the court must grant relief and determine whether dismissal, conversion, or appointment of a trustee or examiner is in the best interest of creditors and the estate. Once cause has been established, under § 1112(b)(2), the burden shifts to the party opposing conversion, dismissal, or appointment of a trustee or examiner. Explaining the operation of this provision, the bankruptcy court in In re Orbit Petroleum, Inc., 395 B.R. 145, 148 (Bankr. D.N.M. 2008), noted:

> Once "cause" has been demonstrated, the Court must convert or dismiss, unless the Court specifically identifies "unusual circumstances . . . that establish that such relief is not in the best interest of creditors and the estate." 11 U.S.C. § 1112(b)(1). However, absent unusual circumstances, the court must not convert or dismiss a case if (1) there is a reasonable likelihood that a plan will be confirmed within a reasonable time, (2) the "cause" for dismissal or conversion is something other than a continuing loss or diminution of the estate coupled with a lack of reasonable likelihood of rehabilitation; and (3) there is reasonable justification or excuse for a debtor's act or omission and the act or omission will be cured in a reasonable time.
>
> "Cause" for dismissal is not defined in the Code; instead,

-10-

the Code contains a non-exclusive list of examples of cause in § 1112(b)(4). In re Marsch, 36 F.3d at 828. Among the reasons listed providing an adequate basis for dismissal of a chapter 11 case are: "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation", § 1112(b)(4)(A); and "failure timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any)," § 1112(b)(4)(H). Fairly interpreting the comments and order of the bankruptcy court, the record demonstrates these two causes for dismissal were present in Serron's case.

Section 1112(b)(4)(A) "provides the bankruptcy court with the requisite authority to terminate a chapter 11 case based on a showing of unreasonable delay, or continuing losses coupled with the absence of a reasonable likelihood of rehabilitation, or inability to effectuate a plan of reorganization." United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd. (In re Timbers of Inwood Forest Assocs., Ltd.), 808 F.2d 363, 371 (5th Cir. 1987) (en banc), aff'd 484 U.S. 365 (1988); Sun Valley Newspapers v. Sun World Corp. (In re Sun Valley Newspapers), 171 B.R. 71, 74 (9th Cir. BAP 1994) (citing Timbers of Inwood Forest Assocs. for the proposition that there must be "a reasonable possibility of a successful reorganization within a reasonable time."). In connection with this statutory provision, the bankruptcy court must "evaluate each debtor's viability and rate of progress in light of the 'best interest of creditors and the estate.'" Timbers of Inwood Forest Assocs., 808 F.2d at 372.

Section 1112(b)(4) is often invoked by bankruptcy courts when

-11-

a chapter 11 debtor's assets are swiftly being reduced. Here, however, in one stroke, the bankruptcy court potentially reduced the assets of Serron's bankruptcy estate available for reorganization to zero. Allowing the major secured creditor to foreclose on Serron's one and only significant asset constitutes a classic cause for dismissal of a reorganization case. In re Jer/Jameson Mezz Borrower II, LLC, 461 B.R. 293, 302 (Bankr. D. Del. 2011) (where chapter 11 debtor is not operating and sole asset is fully encumbered, dismissal under § 1112(b)(4) is mandatory); see Kenneth N. Klee, One Size Fits All: Single Asset Real Estate Bankruptcy Cases, 87 CORNELL L. REV. 1285, 1308 (September 2002) ("If . . . the mortgage holder gets relief from the automatic stay and the right to foreclose on the property . . . the Chapter 11 case is over. Although this might be good news for the mortgage holder, it is bad news for the property owner who loses the opportunity to reorganize.").

Under the facts of this case, the bankruptcy court did not abuse its discretion when it found that, because it had granted stay relief to Pacifica, Serron's ability to propose and confirm a plan of reorganization was lost. Continuing the bankruptcy case where there is no possibility of reorganization cannot be in the best interest of the creditors.

The UST had, earlier in the bankruptcy case, moved for dismissal because Serron had failed to comply with its duty to file documents and reports about its operations. The UST has a statutory duty and authority to require, monitor and seek court enforcement of a chapter 11 debtor's compliance with the UST's guidelines and reports. 28 U.S.C. § 586(a)(3)(D). Although the

-12-

UST withdrew its motion when Serron complied with its demands, at the hearing on September 22, 2011, the UST informed the bankruptcy court that Serron again was in arrears on its obligations to provide information. It is of no moment that there was no current motion from the UST to dismiss the case. The Panel long ago recognized that a bankruptcy court has the authority, sua sponte, to dismiss a bankruptcy case for cause. Tennant v. Rojas (In re Tennant), 318 B.R. 860, 869 (9th Cir. BAP 2004) ("Section 105(a) makes 'crystal clear' the court's power to act sua sponte where no party in interest or the United States trustee has filed a motion to dismiss a bankruptcy case."); see also C-TC 9th Ave. P'ship v. Norton Co. (In re C-TC 9th Ave. P'ship), 113 F.3d 1304, 1312 (2d Cir. 1997) ("When the record is sufficiently well developed to allow the bankruptcy court to draw the necessary inferences to dismiss a Chapter 11 case for cause, the bankruptcy court may do so."). Serron was offered an opportunity at the September 22, 2011 hearing to respond to the UST's allegation about its failure to comply with reporting requirements, but did not challenge the UST's assertion or request more time to comply. The bankruptcy court could therefore properly conclude that, under § 1112(b)(4)(H), cause also existed to dismiss the bankruptcy case for Serron's failure to comply with the UST's information requests.

In sum, Serron has not provided any argument or authority to support its challenge to the bankruptcy court's order dismissing the case. Moreover, the bankruptcy court's order is consistent with the statutory provisions governing dismissals in chapter 11, § 1112(b), and the court's findings and conclusions in this case

-13-

were not illogical, implausible, or without support in the inferences that may be drawn from the facts in the record.

## CONCLUSION

The bankruptcy court did not abuse its discretion in dismissing Serron's chapter 11 bankruptcy case.  We AFFIRM.