

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re:  PROMETHEUS HEALTH IMAGING, INC., <br><br> Debtor, <br> _____ <br><br> PROMETHEUS HEALTH IMAGING, INC., <br><br> Appellant, <br><br> v. <br><br> UST - UNITED STATES TRUSTEE, SANTA ANA, <br><br> Appellee. | No.    16-60077 <br><br> BAP No. 15-1422 <br><br><br> MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kurtz, Dunn, and Faris, Bankruptcy Judges, Presiding

Submitted December 4, 2017[**]
Pasadena, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: D.W. NELSON and REINHARDT, Circuit Judges, and STEEH,[***] District Judge.

Prometheus Health Imaging, Inc. ("Prometheus" or "Debtor") appeals the Ninth Circuit Bankruptcy Appellate Panel's ("BAP") dismissal of its Chapter 11 bankruptcy petition for bad faith. We have jurisdiction under 28 U.S.C. § 158(d)(1). "We review de novo whether the cause for dismissal of a Chapter 11 case under 11 U.S.C. § 1112(b) is within the contemplation of that section of the Code." *In re Marsch*, 36 F.3d 825, 828 (9th Cir. 1994) (citation omitted). "We review for abuse of discretion the bankruptcy court's decision to dismiss a case as a 'bad faith' filing." *Id.* (citation omitted). The bad faith finding itself is reviewed for "clear error." *Id.* (citation omitted). We **AFFIRM**.

Under 11 U.S.C. § 1112(b)(1), a court may dismiss a Chapter 11 bankruptcy case "for cause," based on a finding the petition was filed in bad faith. *In re Marshall*, 721 F.3d 1032, 1047 (9th Cir. 2013) (citations and internal quotation marks omitted). While § 1112(b)(4) provides a list of what circumstances may constitute "cause" for dismissal, the list is non-exhaustive, and "courts may consider any factors which evidence an intent to abuse the judicial process and the purposes of the reorganization provisions," to make the bad faith determination.

---

[***] The Honorable George Caram Steeh III, United States District Judge for the Eastern District of Michigan, sitting by designation.

2

*Id.* at 1048 (citation and internal quotation marks omitted); *see also In re WLB-RSK Venture*, 296 B.R. 509, 514 (Bankr. C.D. Cal. 2003) (citing *Marsch*, 36 F.3d at 828) (explaining that the bad faith determination depends on the "totality of circumstances surrounding the case," not on "one factor alone").  "Generally, a plan is . . . filed in [bad] faith if it represents an attempt . . . to achieve objectives outside the legitimate scope of the bankruptcy laws." *Marshall*, 721 F.3d at 1047 (citation and internal quotation marks omitted).  The "[d]ebtor bears the burden of proving that the petition was filed in good faith." *Id.* at 1048 (citation and internal quotation marks omitted).

Here, the totality of the circumstances warrants a finding that Debtor filed its Chapter 11 petition in bad faith.

First, Debtor claims it needed to file a Chapter 11 petition to continue litigating its claims against General Electric Medical Systems Europe ("GEM") in the French courts.  But Debtor lacks standing to pursue these claims because they were a part of Debtor's previous Chapter 7 estate and therefore subject to the control of the Chapter 7 trustee, not Debtor.  *See In re Lopez*, 283 B.R. 22, 28 (9th Cir. B.A.P. 2002) (citations omitted) ("[P]roperty that is neither abandoned nor administered remains property of the estate even after the case is closed."); *see also* 11 U.S.C. § 554(d) ("[P]roperty of the estate that is not abandoned . . . and . . . is

3

not administered in the case remains property of the estate.").  Debtor did not present evidence below and does not do so on appeal that its claims against GEM were somehow excluded from the Chapter 7 estate.

Furthermore, Debtor continued to litigate its claims in France *even after the bankruptcy court dismissed its Chapter 11 petition* in November 2014, undercutting its contention the petition was necessary to the GEM litigation. Debtor failed to submit evidence it provided any affirmative notice to the French court or GEM that its bankruptcy case had been dismissed.

Add to this potential fraud Debtor's lack of "cash flow [and] sources of income to sustain a plan of reorganization," its lack of "significant asset[s]" besides the GEM claims, and the absence of "an ongoing business to reorganize," and it becomes clear Prometheus filed its Chapter 11 petition in bad faith as a "litigation tactic," rather than as a method for "reorganiz[ing] . . . its business." *In re St. Paul Self Storage Ltd.*, 185 B.R. 580, 582–83 (9th Cir. B.A.P. 1995) (citations omitted).  Indeed, rather than filing a Chapter 11 petition, Debtor admitted it could have filed a certificate of insolvency to proceed with its appeal in the French courts.  The bankruptcy court therefore did not abuse its discretion in dismissing the case for bad faith.

**AFFIRMED.**

4