NOT FOR PUBLICATION

## UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>MARCUS DANIEL SILVER,<br>　　　　　　Debtor. | BAP No. CC-22-1101-LFT<br><br>Bk. No. 2:21-bk-16492-ER |
| MARCUS DANIEL SILVER,<br>　　　　　Appellant,<br>v.<br>PHH MORTGAGE CORPORATION; U.S.<br>BANK NATIONAL ASSOCIATION, as<br>Trustee for Greenpoint Mortgage Funding<br>Trust Mortgage Pass-Through Certificates,<br>Series 2006-AR7; WESTERN<br>PROGRESSIVE LLC,<br>　　　　　Interested Parties. | **MEMORANDUM**\* |

Appeal from the United States Bankruptcy Court
for the Central District of California
Ernest M. Robles, Bankruptcy Judge, Presiding

Before: LAFFERTY, FARIS, and TAYLOR, Bankruptcy Judges.

### INTRODUCTION

Marcus Silver ("Debtor") appeals the bankruptcy court's order

denying his motion to convert his case from chapter 7[1] to chapter 13 and

---

\* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

1

the order denying his motion to reconsider. By Debtor's own admission, the sole reason he sought conversion was to stave off foreclosure and to litigate his state law claims against his mortgage lender and others, even though the state court had already found that he would not succeed on the merits of those claims. The bankruptcy court therefore found that Debtor sought conversion in bad faith and denied the motion to convert. It also denied reconsideration, finding that Debtor had demonstrated no error in the court's initial ruling. Seeing no abuse of discretion in the bankruptcy court's rulings, we AFFIRM.

## FACTS[2]

In July 2021, Debtor filed a lawsuit in Los Angeles County Superior Court (the "State Court Action") against PHH Mortgage Corporation, U.S. Bank National Association ("U.S. Bank"), and Western Progressive, LLC (collectively, "Defendants"). The complaint asserted several state law claims and sought, among other things, to stop a pending foreclosure sale of Debtor's Los Angeles residence (the "Property") and to quiet title on the

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, "Rule" references are to the Federal Rules of Bankruptcy Procedure, and "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2] Appellant provided only a few documents in his excerpts of record. Accordingly, we have exercised our discretion to take judicial notice of the dockets and imaged papers filed in debtor's bankruptcy case and related adversary proceedings. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

ground that the mortgage loan is void.[3] On August 16, 2021, the state court denied Debtor's motion for a preliminary injunction, finding that although the balance of harms weighed in Debtor's favor, he had "not shown any likelihood of success on the merits."

That same day, Debtor, acting pro se, filed a chapter 7 petition. He scheduled a disputed claim for $2.2 million secured by the Property, a $205.31 priority unsecured debt, and $15,651.37 in nonpriority unsecured debts. Although the chapter 7 trustee filed a Report of No Distribution, no discharge has been entered: in November 2021, the bankruptcy court ordered that no discharge be entered until after the motion to convert has been adjudicated.

In October 2021, Debtor removed the State Court Action to the bankruptcy court. Defendants moved to remand, arguing that the bankruptcy court lacked jurisdiction, and if it had jurisdiction, it should remand on equitable grounds.

Debtor filed an opposition to the motion to remand and a motion to convert his case to chapter 13, which was unopposed. In his opposition to the motion to remand, Debtor stated that if the motion were granted, he

---

[3] The causes of action listed in the state court complaint included violations of various California statutes, quiet title, slander of title, unfair business practices, conspiracy, misrepresentation, deceit, fraud, and intentional infliction of emotional distress. The claims are based on allegations that the Defendants misrepresented the loan terms and that there were fraudulent assignments creating an "irretrievable" break in the chain of title. Debtor also alleged that the securitized trust that holds the note and deed of trust failed in 2007.

would likely withdraw his state court complaint and refile in the bankruptcy court.

After a hearing, the bankruptcy court granted the motion to remand and denied the motion to convert. The bankruptcy court found that the conversion motion was brought in bad faith because Debtor filed it solely to defeat the motion to remand so he could have his state law claims adjudicated in the bankruptcy court. The court noted that Debtor removed the State Court Action shortly after suffering an adverse ruling and filed his motion to convert only after Defendants filed their remand motion, showing that forum shopping was the underlying motivation for conversion.

Debtor moved for reconsideration of the order denying the motion to convert, arguing that he did not act in bad faith because he was simply trying to save his home. He also stated that he had requested dismissal of the State Court Action and that his financial circumstances had changed so that he was now able to pay all his "legitimate" creditors.[4] The bankruptcy court denied the motion, finding that Debtor had not shown error in the court's initial ruling.

Debtor timely appealed the denial of the motion to convert and motion for reconsideration.[5] On the same day he filed his notice of appeal,

---

[4] While the motion for reconsideration was pending, Debtor filed a letter with the court stating he had received $36,000 from the State of California for lost rental income relief assistance.

[5] No appellee is participating in this appeal.

Debtor filed an adversary proceeding against U.S. Bank (as Trustee for Greenpoint Mortgage Funding Trust Mortgage Pass-Through Certificates, Series 2006-AR7) asserting claims for fraud, conspiracy, slander of title, intentional infliction of emotional distress, violations of various California statutes, and violation of the automatic stay. The bankruptcy court has stayed that adversary proceeding pending resolution of this appeal.[6]

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.[7]

## ISSUES

Did the bankruptcy court abuse its discretion in denying Debtor's motion to convert?

Did the bankruptcy court abuse its discretion in denying Debtor's motion for reconsideration?

---

[6] Debtor incorrectly asserts in his opening brief that U.S. Bank defaulted in that adversary proceeding. U.S. Bank timely filed a motion to dismiss the complaint, which has not yet been heard because the matter is currently stayed.

[7] The U.S. District Court for the Eastern District of California recently held that an order denying a creditor's motion to convert from chapter 11 to chapter 7 without prejudice is not a final order, finding that the order did not determine a discrete issue and that another motion could be brought in the future. *U.S. Bakery v. Svenhard's Swedish Bakery*, 632 B.R. 312, 320 (E.D. Cal. 2021), *appeal filed*, No. 21-16991 (9th Cir. Nov. 29, 2021). Under the flexible finality rule applicable in bankruptcy appeals, finality rests upon: "(1) whether the bankruptcy court's order fully and finally determined the discrete issue or issues it addressed; and (2) whether it resolves and seriously affects substantive rights." *Jue v. Liu (In re Liu)*, 611 B.R. 864, 870 (9th Cir. BAP 2020) (citations and quotations omitted). This appeal is distinguishable from *U.S. Bakery* in that the order on appeal here foreclosed Debtor's ability to convert his case to chapter 13, thus

## STANDARDS OF REVIEW

We review the bankruptcy court's denial of a motion to convert and denial of a motion for reconsideration for abuse of discretion. *Levesque v. Shapiro (In re Levesque)*, 473 B.R. 331, 335 (9th Cir. BAP 2012) (conversion); *Carruth v. Eutsler (In re Eutsler)*, 585 B.R. 231, 235 (9th Cir. BAP 2017) (reconsideration). A bankruptcy court abuses its discretion if it applies an incorrect legal standard or its factual findings are illogical, implausible, or without support in the record. *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

A bankruptcy court's finding of bad faith is reviewed for clear error. *Khan v. Barton (In re Khan)*, 846 F.3d 1058, 1065 (9th Cir. 2017). Under the clearly erroneous standard of review, if the bankruptcy court's findings are plausible in light of the record viewed in its entirety, we may not reverse even if we would have weighed the evidence differently. "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985) (citations omitted).

We may affirm on any basis supported by the record. *Caviata Attached Homes, LLC v. U.S. Bank, N.A. (In re Caviata Attached Homes, LLC)*, 481 B.R. 34, 44 (9th Cir. BAP 2012).

---

meeting the flexible finality standard. We have jurisdiction.

# DISCUSSION

### A. The bankruptcy court did not abuse its discretion in denying Debtor's motion to convert.

Section 706(a) of the Bankruptcy Code provides: "The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title. . . ." Despite the seemingly unconditional language of this statute, the right to convert a chapter 7 case to one under chapter 13 is not absolute. *See Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 372-74 (2007). There, the Court held that the right to convert is qualified by § 706(d), which provides: "Notwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter." A debtor seeking conversion to chapter 13 does not qualify under that chapter if he or she has engaged in bad faith or fraudulent conduct or is otherwise ineligible for chapter 13 relief. *Marrama*, 549 U.S. at 372-74. This is because bad faith is routinely held to constitute "cause" for dismissal of a chapter 13 case under § 1307(c). *Id.* at 373.

Accordingly, the Court concluded, the bankruptcy courts' authority "to take any action that is necessary or appropriate 'to prevent an abuse of process' described in § 105(a) of the Code" justifies "immediate denial of a motion to convert filed under § 706 in lieu of a conversion order that merely postpones the allowance of equivalent relief and may provide a

debtor with an opportunity to take action prejudicial to creditors." *Id.* at 375. In other words, if sufficient bad faith exists to justify dismissal of a potential chapter 13 case, the bankruptcy court need not engage in the pointless exercise of ordering conversion and then dismissing the converted case.

To determine the existence of bad faith sufficient to order dismissal of a chapter 13 case, the bankruptcy court must consider the totality of the circumstances. *See Leavitt v. Soto (In re Leavitt)*, 171 F.3d 1219, 1224 (9th Cir. 1999). "A finding of bad faith does not require fraudulent intent by the debtor." *Id.* Factors to consider in determining the presence of bad faith include:

> (1) whether the debtor misrepresented facts in his petition or plan, unfairly manipulated the Bankruptcy Code, or otherwise filed his Chapter 13 petition or plan in an inequitable manner;
> (2) the debtor's history of filings and dismissals;
> (3) whether the debtor only intended to defeat state court litigation; and,
> (4) whether egregious behavior is present.

*Id.* (cleaned up).

These factors are "simply factors to consider[,]" and "not every one of them must be met. . . . [W]hat matters is the totality of the circumstances." *In re Khan*, 846 F.3d at 1066 (cleaned up). Filing a bankruptcy case to defeat or delay state court litigation, even if that is not the only purpose for the filing, constitutes bad faith. *See id.*; *Eisen v. Curry (In re Eisen)*, 14 F.3d 469,

470-71 (9th Cir. 1994); *Chinichian v. Campolongo (In re Chinichian)*, 784 F.2d 1440, 1445 (9th Cir. 1986).

As noted, the bankruptcy court found that Debtor's sole motivation for seeking conversion was forum shopping. This Panel has held that such a finding constitutes bad faith sufficient to warrant dismissal of a chapter 11 case. *St. Paul Self Storage Ltd. P'ship v. Port Authority of the City of St. Paul (In re St. Paul Self Storage Ltd. P'ship)*, 185 B.R. 580, 583 (9th Cir. BAP 1995). In that case, the BAP affirmed the bankruptcy court's dismissal of a chapter 11 case based upon findings that the case had been filed not to effectuate a reorganization but solely as a litigation tactic, i.e., "to gain a more convenient forum" for its litigation with the appellee. *Id.* The BAP agreed, concluding that the bankruptcy court's findings established cause for dismissal, noting that "[t]he timing of the petition and the unsuccessful progress of the [state court] litigation strongly suggests Debtor's intent to use the bankruptcy code as a means to escape to a forum which it perceived to be more friendly." *Id.* (citations omitted).

As in *St. Paul Self Storage*, Debtor filed for bankruptcy protection shortly after an adverse ruling in the State Court Action. He admits he filed the case solely to address the state law claims. And by filing his chapter 7 petition, he invoked the protection of the automatic stay to circumvent the state court's order denying his motion for a preliminary injunction. Conversion would have extended the automatic stay and given Debtor more time to litigate claims that the state court had already found

9

essentially meritless. The motion to convert was thus simply another avenue for delay.

On appeal, Debtor attempts to distinguish *St. Paul Self Storage* because there the litigation was in its final stages and there was no danger of foreclosure. But those factual differences are not meaningful given the BAP's ultimate holding that forum shopping is a ground for denying conversion on bad faith grounds. Although Debtor is correct that the record does not reflect any fraudulent or dishonest behavior, that is not a requirement for a bad faith finding in this context. Although he claims that he sought conversion so he could reorganize his debts, he did not file a proposed plan or any explanation of how he would pay the secured debt on his home should he not prevail in the litigation. The funds he claimed to have received from the state would have been sufficient to pay all the unsecured claims listed in his petition, so the only debt left would have been the disputed mortgage.

With respect to the *Leavitt* factors, he argues that there is no evidence he misrepresented facts in his petition. While true, this is not a requirement for dismissal on bad faith grounds. The bankruptcy court found, and we agree, that Debtor's conversion motion was an attempt to unfairly manipulate the Code. Debtor also contends that he did not seek conversion to defeat state court litigation because he dismissed the State Court Action, but that is of no moment given the filing of the adversary proceeding against U.S. Bank: clearly, Debtor's goal is to have the bankruptcy court

10

hear the claims that the state court has already determined have little to no chance of success.

Finally, Debtor points out that no party objected to the motion to convert, and he speculates that the bankruptcy court denied the motion because it did not want to increase its case load. He also questions the court's impartiality because it would be acting in a "dual capacity" in presiding over both the bankruptcy and the adversary proceeding. But nothing in the record suggests that the bankruptcy court was biased, and we reject these arguments. The bankruptcy court was well within its discretion to deny the motion to convert, regardless of whether any party objected. *See Nunez v. Nunez (In re Nunez)*, 196 B.R. 150, 156 (9th Cir. BAP 1996) ("The granting of an uncontested motion is not an empty exercise but requires that the court find merit to the motion.").

## B. The bankruptcy court did not abuse its discretion in denying reconsideration.

Debtor's motion for reconsideration was filed within fourteen days of the order denying his motion for conversion. It was therefore governed by Civil Rule 59(e), incorporated via Rule 9023. *See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). Reconsideration under this rule is appropriate if the bankruptcy court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual,

circumstances warranting reconsideration." *School District No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted). Motions for reconsideration that merely revisit the same issues already ruled on by the bankruptcy court, or that advance facts otherwise available when the initial motion was briefed, will generally not be granted. *Negrete v. Bleau (In re Negrete)*, 183 B.R. 195, 197 (9th Cir. BAP 1995), *aff'd*, 103 F.3d 139 (9th Cir. 1996).

In his motion for reconsideration, Debtor simply disagreed with the bankruptcy court's bad faith finding, arguing that he filed his bankruptcy case to "save his home from illegal foreclosure" and had not engaged in any deceptive or egregious behavior. As noted, he stated that he had requested dismissal of the State Court Action and his financial circumstances had changed.

The bankruptcy court denied the motion. It was not moved by the fact that Debtor was dismissing the State Court Action because Debtor admitted that his sole reason for seeking bankruptcy protection was to contest the validity of the loan secured by the Property. It noted that, by Debtor's own admission, the bankruptcy was filed to provide him a further opportunity to continue to assert his state law claims. We agree with the bankruptcy court that

> [a]llowing the Debtor to convert to Chapter 13 would enable him to continue to benefit from the automatic stay while pursuing the claims against the Defendants that the State Court has already found that he is unlikely to prevail upon. The

primary purpose of the Motion to Convert is to further delay the ability of the Defendants to exercise their rights with respect to the Property.

On appeal, Debtor argues that reconsideration was warranted because of his changed circumstances. He contends that conversion was mandated because the funds he had received from the state meant that he "no longer qualified" for chapter 7. But he cites no authority for that premise, and he has not otherwise shown that the bankruptcy court abused its discretion in its initial ruling.

Debtor also states in his appellate brief that rental income is in the process of being generated, and he has launched a new business since the bankruptcy court denied conversion. Even assuming these unsupported facts would have changed the bankruptcy court's decision, he did not present them to that court, and we will not consider them here. *See In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010) (an issue is generally deemed waived on appeal if the argument was not raised sufficiently for the trial court to rule on it).

**CONCLUSION**

For these reasons, the bankruptcy court's finding that Debtor sought conversion in bad faith was not clearly erroneous. The court thus did not abuse its discretion in denying the motion to convert or the motion for reconsideration. We therefore AFFIRM.